The opinion of the court was delivered by
Breaux, J.
This is a proceeding by the District Attorney of the-Twelfth Judicial District to compel the judge of the district to rec-. ognize him as the legal representative of the parish of Calcasieu in an injunction suit brought by the city of Late Charles against the police jury of Calcasieu parish and against A. L. Lyons, sheriff and ex-officio tax collector, to enjoin them from further proceedings in the collection of taxes assessed for the year 1897, on property, it is alleged, in the petition for an injunction, situate within the limits of Lake Charles.
The relator, in support of his petition for mandamus, certiorari and prohibition, avers: That Messrs. R. P. Williams and E. L. Wells, attorneys at law, were employed to represent the police jury and were directed to take charge of the defence. A disagreement had arisen between the District Attorney and the police jury; the former had interposed pleas in their character preliminary, which he, the District Attorney, contended would result in a dismissal of the suit, while the latter, the police jury, desired to have the case decided upon the merits, without regard to any pleas, save those appertaining to the merits proper.
*1534 The counsel specially employed (Williams and Wells) offered an answer for filing, to which relator (the District Attorney) objected on different stated grounds, which were overruled and an exception to the court’s action in overruling them was reserved. The answer was filed, and on motion of these attorneys (Wliliams and Wells) all exceptions and motions which had been previously presented by the District Attorney were by the court referred to the merits of relator.
The District Attorney’s position is that he is quite ready and willing to defend the parish; that without good reason his views in regard to the defence are not followed; that he to the knowledge of the police jury, did not object to the employment of associate counsel to assist him in the case, but that he can not, under the law, be debarred from conducting the defence as he may judge proper.
In our judgment the application is premature and can not be entercained in the proceedings before us.
The relator, we have noted, has reserved all of his rights. Should the case come before us on appeal the issues presented, if they are issues which can be passed upon in this case, will receive the attention due them. The case, it is alleged, is appealable. The relator is not without remedy in the premises. This court has repeatedly held that the writs here applied for, before' the proper time, where the party has another and specific remedy, should not be granted.
The judge of the District Court has jurisdiction. It is not our duty at this time to order him to set aside a ruling already made, even if erroneously made, in the course of the proceedings.
The complaint is not the complaint of any of the parties to the suit. The plaintiff chooses to prosecute its cause despite the disagreement of the District Attorney with the police jury.
The defendant, on the other hand, has sought tne services of other counsel. The District Attorney, whatever may be his right, can not interfere at this preliminary period in the history of the case. He will have to bide his time and present his claim on appeal, or in such other proceedings as it may be proper for him to institute.
These proceedings are not, in the nature of things, conducted contradictorily with all parties concerned, and until.they are before us in proper proceedings and have been heard, we are compelled under our jurisprudence to decline to grant relator’s application, which is ex parte at this time and a collateral issue brought into a pending suit, and can have no effect on issues not made up with the *1535 view of testing the right claimed by the District Attorney and not before us in such a manner as to enable us to determine whether it affects with nullity rulings already made or decisions to be rendered.
This court may command a judge to proceed to judgment. It has no power, however, to compel him to decide according to any other judgment than his own. His recognition (complained of by relator) and his rulings were matters of judgment with him.
The application is refused.