(126 So. 61)

No. 30307.

**STATE v. BEELING.**

Jan. 6, 1930.

Percy Saint, Atty. Gen., Eugene Stanley, Dist. Atty., of New Orleans, and E. R. Schowalter, Asst. to Atty. Gen., for the State.

Chandler C. Luzenberg, Sr., of New Orleans, for appellee.

OVERTON, J. This is an appeal by the state from a ruling of the court, sustaining a motion to quash a bill of information. The bill charges that defendant, while serving as motorman and driver of a certain car, belonging to the New Orleans Public Service, Inc., a corporation domiciled and engaged in transporting passengers for hire on the street rail-

ways of the city of New Orleans, did then and there, by his imprudence, neglect, and want of skill in the operation of a street car, cause injury to one Harry Anderson. This charge was preferred under Act No. 58 of 1870.

■ The motion to quash is based, inter alia, on the ground that Act No. 58 of 1870, is unconstitutional, in that the object of the law, as disclosed in the body of the act, is not expressed or indicated in its title.

The act was passed under the Constitution of 1868, article 114 of which prescribes that "every law shall express its object or objects in its title.". The title of the act reads as follows: "An act to punish the negligence or want of skill of the drivers of the city railroad cars." The body of the act, which contains but one section, reads as follows: "Section 1. Be it enacted by the Senate and House of Representatives of the State of Louisiana, in General Assembly convened, That if any driver of any of the cars belonging to any of the railroads in the State of Louisiana shall, by his imprudence, negligence, or want of skill, cause any injury to any person, whether a passenger on said car or not, he shall be guilty of a felony, and on conviction thereof shall suffer a fine not exceeding five hundred dollars, and imprisonment not exceeding one year, at the discretion of the court."

It will be observed that the title indicates that it is the negligence or want of skill of the drivers of "the city railroad cars" that it is the purpose of the act to punish, whereas, the body of the act punishes the imprudence, negligence, or want of skill of "any driver of any of the cars belonging to any of the railroads in the state," thus making, or attempting to make, the statute operate throughout the state, in contravention of its title, without even referring to any city in the state. It is for this reason, among others,

that defendant urges that the act is unconstitutional.

The state urges that the act is no broader than its title, so far as it relates to offenses committed in the city of New Orleans, where it is charged that the offense, preferred against defendant, was committed, and that it is therefore constitutional, so far as it relates to offenses committed in New Orleans.

■■ Ordinarily it is held that a statute is not unconstitutional as a whole, because it is broader than its title, but that those parts of the law, which are indicated by the title, must stand, while only those not so indicated will fall, unless the former are so interwoven with the latter and dependent upon them that they cannot be separated. State v. Exnicios, 33 La. Ann. 253; State ex rel. Mitchell v. Read, Judge, 49 La. Ann. 1533, 22 So. 798; State v. Ferguson et al., 104 La. 249, 253, 28 So. 917, 81 Am. St. Rep. 123; State v. Dusoñ, 130 La. 488, 58 So. 159; State v. Hincy, 130 La. 620, 58 So. 411.

In the present instance, however, unlike it generally is, the title seems to be almost an entire misfit for the act. The expression, "the city railroad cars," found in the title, evidently has reference to railroad cars in the city of New Orleans, thus confining the purpose of the act to punishing negligence and want of skill in drivers of railroad cars in the city of New Orleans alone, for that city is frequently referred to in this state—and this was especially so at the time of the passage of the act— as "the city." The Legislature then, apparently not content with the declared purpose of the act, so far as confining it to drivers of the city railroad cars, made it an offense throughout the state, without mentioning any city, for the driver of railroad cars to cause injury to another through negligence or want of skill. In these circumstances we feel that.

it was not the legislative intention that the act should stand as to the city of New Orleans alone, if declared unconstitutional as to the remainder of the state. We therefore think that the entire act should be declared unconstitutional.

For these reasons, the judgment appealed from is affirmed.