(132 So. 779)

**STATE v. CORMIER et al.**

No. 30999.

Feb. 2, 1931.

Percy Saint, Atty. Gen., James A. Gremillion, Dist. Atty., of Crowley, and E. R. Schowalter, Asst. Atty. Gen., for the State.

Percy T. Ogden and C. B. De Bellevue, both of Crowley, for appellees.

OVERTON, J.

Two indictments were returned on the same day against defendants, one of which charges them with cutting Gabriel Thibodeaux with a dangerous weapon with intent to murder, and the other with killing and slaying Leonce Thibodeaux. Defendants were tried on the indictment, charging the offense of cutting with a dangerous weapon with intent to murder, and were convicted of the included offense of cutting with intent to kill, and were sentenced accordingly.

After the affirmance of the sentence by this court (131 So. 36[1]), the state undertook to prosecute defendants under the indictment, charging them with the crime of manslaughter, whereupon defendants filed a motion to quash the indictment so charging them, upon the ground that the offense of manslaughter and the offense of cutting with a danger-

---

[1] Ante, p. 327.

ous weapon with intent to murder, charged against them, were the result of one continuous transaction, and therefore should have been charged in separate counts of the same indictment, if it were the intention to prosecute both.

The motion to quash was sustained by the trial court, and the state has appealed, urging that, although the two offenses grew out of the same unlawful continuous transaction, they were properly charged in separate indictments, since they could not be tried before the same tribunal, as the offense of cutting with a dangerous weapon with intent to murder is triable by a jury of five, all of whom must concur to render a verdict, or by the court without a jury, at the option of the defendant, and the crime of manslaughter is necessarily triable by a jury of twelve, nine of whom must concur to render a verdict, as appears from Rev. St., § 786, Act No. 43 of 1890, and Constitution, article 7, section 41, and the second paragraph of section 42.

Defendants rely primarily on article 218 of the Code of Criminal Procedure to quash the indictment. This article reads as follows:

"Where two or more crimes result from a single act, or from one continuous unlawful transaction, only one indictment will lie; but each of said distinct crimes, though some of them be felonies and others of them misdemeanors, may be separately charged in distinct counts in the same indictment."

It is conceded that the offense of cutting with a dangerous weapon and the offense of manslaughter result, in this instance, from one continuous transaction. The object of the Legislature, in inserting article 218 in the Code, requiring that two or more crimes, resulting from a single act, or one continuous unlawful transaction, shall be charged in one indictment, was to make it so that all the crimes, so resulting, should be tried, if tried at all, at the same time, before the same tribunal. Such was the purpose in requiring that they each be charged in one indictment.

That such was the object of the Legislature further appears from article 226 of the Code of Criminal Procedure, which confines the right to compel the district attorney to elect, on which charge of an indictment he will proceed, to charges which are entirely distinct and grow out of different transactions, the purpose being to prevent an election, without reference to the penalty that might be imposed; where the offenses result from a single act, or from one continuous unlawful transaction.

This view is further reinforced by article 337 of the Code of Criminal Procedure, which provides that, whenever the indictment charges a capital offense, whether there be or be not counts charging offenses not capital, the trial shall be by a jury of twelve, all of whom must concur to return a verdict.

Our conclusion therefore is that the object the Legislature had in view, in inserting article 218 in the Code, was to make it so that all crimes resulting from a single act or one continuous unlawful transaction should be tried at the same time, before the same tribunal, the most serious offense determining necessarily the composition of the tribunal.

This object is contrary to section 41 of article 7 of the Constitution, which provides that:

"All cases in which the punishment may not be at hard labor shall, until otherwise provided by law, be tried by the judge without a jury. Cases, in which the punishment may be at hard labor, shall be tried by a

jury of five, all of whom must concur to render a verdict; cases, in which the punishment is necessarily at hard labor, by a jury of twelve, nine of whom must concur to render a verdict; cases in which the punishment may be capital, by a jury of twelve, all of whom must concur to render a verdict."

In the case of State v. Hataway, 153 La. 751, 96 So. 556, where there was occasion to apply this article, it was held that burglary of a dwelling house and larceny, charged in distinct counts, though growing out of the same transaction, could not be tried before the same tribunal at the same time, because each, under the Constitution, was triable before a tribunal differently composed.

Since it is impossible to carry out the object of the Legislature, in inserting article 218 in the Code, without violating the Constitution, there remains nothing to do but to declare the entire article unconstitutional. Its provisions are not separable. The whole article must stand or the whole article must fall. No part of it can stand without the other parts. To attempt to make one part stand without the rest would result in defeating the legislative will.

█ It should be observed that no plea to the constitutionality of article 218 of the Code was filed in this case. However, in the case of State v. Jacques (La. Sup.) 132 So. 657,[1] this day decided, such a plea was filed, that case being the first one presented to this court in which the unconstitutionality of article 218 was directly raised by the pleadings, and, substantially, for the reasons here assigned, the plea was sustained. Therefore article 218 of the Code has no existence as the result of the decree in that case. Since that article is unconstitutional, there is no reason why the motion to quash, in this case, should not be

[1] Ante, p. 994.

overruled, and the defendants put upon trial under the indictment charging them with manslaughter.

The judgment appealed from is set aside, the motion to quash is overruled, and this case is remanded to be proceeded with according to law.

(132 So. 781)