LAND, J.
 

 Defendant is jointly indicted with three others, in separate counts, for the murder of Baymond S. Bizzo, and for the robbery of certain employees of the Bocheblave Market Branch of the Canal Bank & Trust Company.
 

 Defendant moved to quash the indictment in the lower court, and, from a judgment sustaining this motion the state has appealed.
 

 The indictment is framed under article 218 of the Code of Criminal Procedure, which provides that; “When two or more crimes result from a single act, or from one continuous unlawful transaction,
 
 only one indictment will He;
 
 but each of said distinct crimes, though some of them be
 
 felonies
 
 and others of them
 
 misdemeanors,
 
 may be separately charged
 
 im, distinct counts in the same indictment.”
 

 It is admitted that on the trial of this cause the state will contend and attempt to prove that the crimes of murder and robbery, with which defendant is charged in separate counts of the indictment in this case, resulted from one continuous unlawful transaction.
 

 In the motion to quash the indictment, defendant asserts that to try him on the indictment as confected is a denial to him of due process of law, in violation of section 2 of article 1 of the Constitution of this state
 
 *997
 
 (1921), and of Amendment 14 to the Federal Constitution.
 

 To the motion to quash, the district attorney filed a demurrer in which he alleges that the drafting of the indictment is in compliance with article 218 of the Code of Criminal Procedure, and in accordance with the jurisprudence of the state, as announced by this court in State v. Roberts, 170 La. 727, 129 So. 144.
 

 Defendant filed a reply to this demurrer, in which he alleges that article 218 of the Code of Criminal Procedure is unconstitutional, in that it is in direct conflict with section 41 of article 7 of the Constitution of the state.
 

 It is provided in this section of the Constitution that: “All cases in which the punishment may not be at hard labor shall, until otherwise provided by law, be tried by the judge without a jury. Cases, in which the punishment may be at hard labor, shall be tried by a jury of five, all of whom must concur to render a verdict; cases, in which the punishment is necessarily at hard labor, by a jury of twelve,
 
 nine of whom
 
 must concur to render a verdict; cases in which the punishment may be
 
 capital,
 
 by a jury of twelve,
 
 all of whom
 
 must concur to render a verdict.”
 

 Article 337 of the Code of Criminal Procedure expressly provides that: “Whenever the indictment charges
 
 any capital offense,
 
 whether there be or be not counts charging
 
 offenses not capital,
 
 the trial shall be by a jury of twelve,
 
 all of whom must concur for the finding of a verdict."
 

 It is clearly the intention of article 337 of the Code of Criminal Procedure that the defendant in the present case shall be tried by the same jury for the crimes of murder and robbery, charged in separate counts in the indictment, and that all of the jurors shall concur to acquit defendant of the crime of robbery, although it is provided in section 41 of article 7 of the Constitution that only
 
 nine jurors
 
 must concur to render a verdict of guilty or not guilty in case of a felony, in which the punishment is necessarily at hard labor, and robbery is a felony of this character.
 

 Article 337 of the Code of Criminal Procedure is therefore a plain violation of section 41 of article 7 of the Constitution of the state.
 

 Besides, this article indicates that it was the intention of the Legislature, in drafting article 218 of the Code, that offenses not cognate, and not triable in the same manner, should be tried by the same jury, when charged in separate counts of the indictment, the higher offense controlling the selection of the jury.
 

 If the construction placed by us upon article 218 needed additional support, it is found in article 226 of the Code, which provides that: “The right
 
 to compel
 
 the district attorney
 
 to elect
 
 on which charge of an indictment
 
 he will proceed,
 
 whether the charge be contained in the same count or in separate counts, is confined to cases where the indictment contains charges which are entirely distinct
 
 and grow out of different transactions;
 
 and the motion to compel such election can be made
 
 only before the trial begins."
 

 If the district attorney cannot be compelled to elect which offense he will prosecute, where several distinct offenses, resulting'from one continuous unlawful transaction, are charged in separate counts, it is clear that the intention of the Legislature, in enacting article 21S of the Code of Criminal Procedure, was that the district attorney should proceed be
 
 *999
 
 fore one and the same
 
 jury with the
 
 trial of all of the distinct offenses so charged.
 

 It is evident, therefore, that article 218 of the Code would violate section 41 of article 7 of the Constitution in every case, in which one of the distinct crimes, charged in separate counts and resulting from one continuous unlawful transaction, would have
 
 to
 
 be tried by a jury of five, and the other distinct crime or crimes so charged would have to be tried by a jury of twelve members.
 

 It may be true that, in some cases arising under article 218 of the Code, distinct crimes, charged in the indictment in separate counts, might be of the same magnitude, and all might be triable by a jury of five or a jury of twelve members.
 

 be construed ás a whole, and cannot be separated by us into different parts for different purposes, in passing upon the constitutionality of the article, as the Legislature clearly-intended that its provisions should operate in their entirety, or not at all. State v. Beeling, 169 La. 785, 126 So. 61. However, article 218 of the Code must
 

 The Constitution of the state has provided different tribunals for the trial of'capital offenses, offenses necessarily punishable by imprisonment at hard labor, etc., and such procedure necessarily constitutes due process of law, and cannot be changed in any class of cases by a mere act of the Legislature.
 

 Prior to the adoption of the Code of Criminal Procedure of the state, this court had repeatedly held that, when a defendant, charged with a crime for which he should be tried by a jury of five members, is tried by a jury of twelve members, the verdict and sentence are null. State v. Desselles, 150 La. 494, 90 So. 773; State v. Bailey, 154 La. 536, 97 So. 851; State v. Hataway, 153 La. 751, 96 So. 556.
 

 Our conclusion is, therefore, that article 218 of the Code of Criminal Procedure, construed with reference to articles 226 and 337, is unconstitutional, null, and void.
 

 The constitutionality of this article was not raised in the Roberts Case, 170 La. 727, 129 So. 144, nor in the later cases of State v. Hill, 171 La. 277, 130 So. 865, and State v. O’Banion, ante, p. 323, 131 So. 34.
 

 Whatever may have been said in any of these cases, contrary to the views herein expressed, must yield to the conclusion which we have reached in the present case. "
 

 In our opinion, the judgment of the lower court quashing the indictment in this ease is correct.
 

 Judgment affirmed.