(135 So. 3)

### STATE v. FLATTMANN.

No. 31195.

April 27, 1931.

Richard A. Dowling, of San Antonio, Tex., and William R. Kinsella, of New Orleans, for appellant.

Percy Saint, Atty. Gen., Eugene Stanley, Dist. Atty., and J. Bernard Cocke, Asst. Dist. Atty., both of New Orleans, and E. R. Schowalter, Asst. Atty. Gen., for the State.

O'NIELL, C. J.

The defendant has appealed from a conviction and sentence for the crime of involuntary homicide, as defined by Act No. 64 of 1930, p. 142. He was charged with manslaughter and tried by a jury of twelve, and, on conviction of involuntary homicide, was sentenced to imprisonment in the penitentiary for a term not less than three nor more than five years. The record contains six bills of exception and an assignment of error.

In the assignment of error it is contended that Act No. 64 of 1930 is violative of section 16 of article 3 of the Constitution 1921, requiring that "every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object."

The argument, stated specifically, is that there is nothing in the title of the act indicative of the object of sections 3 and 5, relating to the crime of manslaughter. The title of the act is:

"An act relative to the crime of involuntary homicide by the use of any vehicle in a grossly negligent or grossly reckless manner, defining said crime and offense; providing penalty for the same, and repealing all laws or parts of laws in conflict therewith, except the existing manslaughter statute."

The first section of the act declares that any person who by the operation or use of any vehicle in a grossly negligent or grossly reckless manner, but not willfully or wantonly, causes the death of another person, shall be guilty of the crime of involuntary homicide, and on conviction shall be punished by imprisonment for a term not exceeding five years, with or without hard labor, at the discretion of the court.

The second section of the act defines the term "vehicle" as meaning any conveyance in or on or about which persons or property may be transported.

The third section of the act declares that it shall not repeal the law of manslaughter, and that the district attorney may, in his discretion, charge a person who has caused death by the grossly negligent use of any vehicle with the crime of manslaughter, and that the crime of involuntary homicide shall be deemed to be included within every charge of manslaughter, and shall be a responsible (meaning responsive) verdict under a charge of manslaughter, and that, if the person so charged be found not guilty of manslaughter, a verdict of involuntary homicide may be rendered by the jury.

The fourth section of the act declares that, in all prosecutions under the act, or under the manslaughter law, "as it now exists," the question whether the defendant was guilty or not guilty of gross negligence or gross recklessness shall be a question of fact for the jury to decide, and shall not depend upon the speed limit fixed by law for operating the vehicle.

The fifth section of the act declares that, in all prosecutions for manslaughter where death was caused by the operation or use of a vehicle in a grossly negligent or grossly reckless manner, the judge shall charge the jury on the provisions of this act.

The sixth section repeals all laws or parts of laws inconsistent or in conflict with the act, "except the existing manslaughter Act, as stated in Section 4 of this Act."

Our opinion is that the title of this act is broad enough to cover the provisions of sections 3 and 5, to the effect that a person who kills another by the grossly negligent use of a vehicle may be prosecuted either for manslaughter or for involuntary homicide, according to the judgment of the district attorney. Section 16 of article 3 of the Constitution does not require that all of the provisions of a statute shall be set forth in detail in its title. It is sufficient if the title is appropriate to the subject-matter dealt with in the act, so as to fairly indicate the object of the act, and is not in any particular misleading. The statement in the title of this act, that one of its purposes was to repeal all laws in conflict therewith, "except the existing manslaughter statute," was a sufficient indication of the intention that a person who killed another by the grossly negligent use of a vehicle might yet be prosecuted for manslaughter instead of involuntary homicide. The title of the act was not apt to deceive any one in that respect.

A more serious question regarding the constitutionality of the third section of the act is presented by a motion in arrest of judgment, which was filed in the criminal district court, and to the overruling of which the bill of exception No. 6 was reserved. It is contended in the motion that a jury of twelve had not jurisdiction to convict the defendant of involuntary homicide, the penalty for which is not necessarily imprisonment at hard labor, and that, in so far as the third section of the statute undertakes to confer such jurisdiction upon a jury of twelve, nine of whom may render a verdict, the statute is violative of section 41 of article 7 of the Con-

stitution 1921, viz.: "Cases, in which the punishment may be at hard labor, shall be tried by a jury of five, all of whom must concur to render a verdict; cases, in which the punishment is necessarily at hard labor, by a jury of twelve, nine of whom must concur to render a verdict," etc.

It is well settled that a trial by a jury of twelve, of whom nine may render a verdict, is not valid if the crime for which the person is tried is one for which the penalty is not necessarily imprisonment at hard labor. State v. Beebe, 127 La. 493, 53 So. 730; State v. Reeves, 128 La. 37, 54 So. 415; State v. Nejin, 139 La. 912, 72 So. 452; State v. Desselles, 150 La. 494, 90 So. 773; State v. Hataway, 153 La. 751, 96 So. 556; State v. Bailey, 154 La. 536, 97 So. 851; State v. Jacques, 171 La. 994, 132 So. 657; State v. Cormier, 171 La. 1035, 132 So. 779.

On the other hand, it is also well settled that, in any criminal prosecution, the jury may, if the defendant be found not guilty of the crime charged, convict him of a less serious crime, provided all of the elements of the less serious crime are essentially included in the definition of the crime charged, even though the jury would not have jurisdiction to try the case if the defendant were accused only of the less serious crime. The reason for the rule was explained in State v. Jacques, decided last February, 171 La. 994, 132 So. 657, citing State v. Desselles, 150 La. 494, 90 So. 773; State v. Bailey, 154 La. 536, 97 So. 851; and State v. Hataway, 153 La. 751, 96 So. 556, 559. In the latter case it was said:

"We must not be confused by the proposition that in any criminal prosecution the jury may find the defendant not guilty of the crime charged, but guilty of a less serious crime, when all of the elements of the less serious crime are essentially included in the crime charged. The fundamental reason for

that doctrine is that it is not possible, in such case, to accuse a person of the more serious crime without at the same time accusing him of the less serious crime. For example, it is not possible to accuse a person of murder without, at the same time, accusing him of manslaughter, or to accuse him of larceny of a specified sum of money without at the same time accusing him of stealing any less sum. The reason for the rule was stated accurately in State v. Malloy, 30 La. Ann. 63, and it has been repeated often, viz.:

" 'The jurisdiction of courts in criminal matters is governed by the offense charged or penalty imposed, just as that of civil tribunals is governed by the amount in dispute. If, on account of the absence, of some ingredient of the offense charged, the offense is reduced to a less penal one of a kindred nature, the court may sentence for the lesser offense, although an indictment for that offense could not have been originally entertained by it, just as a civil court may on trial of a demand for a greater give judgment for a less amount than its jurisdiction originally embraces.' "

The only difference between this case and the cases in which it has been held that a jury of twelve, trying a person for a felony, for which the penalty is necessarily imprisonment at hard labor, may find him guilty of a crime for which the penalty is imprisonment with or without hard labor, at the discretion of the judge, is that the act of 1930, under which the defendant in this case was prosecuted, does not make any distinction between the definition of involuntary homicide, as defined in the first section of the act, and involuntary manslaughter, committed by the grossly negligent use or operation of a vehicle, as defined in the second section of the act. In fact, involuntary homicide, as defined in the first section of this act, is nothing more nor less than involuntary manslaughter, commit-

ted by the grossly negligent use or operation of a vehicle. State v. Irvine, 126 La. 434, 52 So. 567. In that sense, a person on trial for manslaughter, for having killed another person by the grossly negligent use or operation of a vehicle, is being tried for a crime for which the penalty is not necessarily imprisonment at hard labor. But in such a case the question whether the penalty shall be imprisonment at hard la. ¬, or imprisonment with or without hard labo., in the discretion of the judge, is not left primarily with the judge, but primarily with the jury. If the jury, in the exercise of its discretion, sees fit to convict the defendant of manslaughter, the penalty is necessarily imprisonment at hard labor. for a term not exceeding twenty years. Rev. St. § 786. It is only when the jury sees fit to lessen the maximum term of imprisonment, and to let it be without hard labor, that the penalty may be imprisonment with or without hard labor, for a term not exceeding five years, in the discretion of the judge. In truth, therefore, the crime of involuntary manslaughter, for the killing of a person by the grossly negligent use or operation of a vehicle, is not a crime for which the penalty is imprisonment with or without hard labor, in the discretion, of the judge, because the penalty is necessarily imprisonment at hard labor if the jury so decides. The only other instance, that we are aware of, in the law of Louisiana, where a jury may, in its discretion, and without any particular reason therefor, meliorate the punishment to be imposed upon the defendant, is that a jury trying a person for a capital offense may, in any such case, and without any particular reason therefor, qualify the verdict of guilty, by adding "without capital punishment." Rev. St. § 1000.

All that the Legislature did by the provisions of sections 3 and 5 of Act No. 64 of

1930 was to leave it to the discretion of the jury, trying a person for manslaughter committed by the grossly negligent use or operation of a vehicle, to say whether the penalty should be imprisonment at hard labor for a term not exceeding twenty years, or imprisonment with or without hard labor, in the discretion of the judge, for a term not exceeding five years. There is no constitutional restriction upon the power of the Legislature to enact such a law.

██ The only tribunal that has jurisdiction to try a person charged with manslaughter, for killing a person by the grossly negligent use or operation of a vehicle, is a jury of twelve, because, if the defendant is found guilty of manslaughter, eo nomine, the penalty is necessarily imprisonment at hard labor; and a jury of twelve has jurisdiction to convict the defendant of involuntary homicide, when he is charged with manslaughter committed by the grossly negligent use or operation of a vehicle, because the crime of involuntary homicide is essentially included in an accusation of manslaughter committed in that way.

If the defendant in this case had asked for a bill of particulars, under the provisions of article 235 of the Code of Criminal Procedure, the district attorney might have been required to state the means by which the killing was done, in order to subject the defendant to a conviction of the crime of involuntary homicide. But, according to article 248 of 'the Code of Criminal Procedure, it is not necessary, in an indictment for either murder or manslaughter, to set forth the manner in which or the means by which the death was caused, unless the court orders that such information be furnished in response to an application for a bill of particulars. There was no application for a bill of particulars in this case.

Our conclusion, therefore, is that the judge was right in overruling the motion in arrest of judgment.

██ Bills of exception No. 1 and No. 2 were reserved to the overruling of objections to testimony to the effect that the defendant was seen in the vicinity of the killing, about fifteen minutes before and again about five minutes before the killing, very drunk and driving an automobile. The defendant's counsel contended that the testimony was irrelevant and only served to prejudice the jury against him for being drunk, and more particularly for driving an automobile while he was drunk. Our opinion is that the testimony was relevant, as a circumstance tending to prove that the defendant committed the crime charged. The objection was really not to the admissibility but to the sufficiency or effect of the testimony. The state's case depended entirely upon circumstantial evidence. The fact that the testimony objected to was prejudicial to the defendant did not render it inadmissible. Any and all evidence tending to prove the guilt of the defendant in a criminal prosecution is prejudicial to him.

██ Bill of exception No. 3 has reference to a remark made by the assistant district attorney in his argument to the jury. The remark was merely a comment upon the failure of an uncle and of a brother of the defendant to testify in the case. There was evidence showing that the uncle and brother were in the automobile which the defendant was driving, while he was drunk, a few minutes before the killing; and the record shows that the brother was in court during the trial. The fact that the reference to the failure of the defendant's companions to testify in his behalf may have had the effect of reminding the jury that he did not testify did not forbid the prosecuting attorney to refer to the failure of the defendant's companions to testify.

State v. Scruggs, 165 La. 842, 116 So. 206; State v. Simmons, 167 La. 963, 120 So. 612; Code Cr. Proc. art. 382.

■■■ Bill of exception No. 4 has reference to the judge's refusal of a request of the jury to tell them the difference between the maximum term of imprisonment for the crime of manslaughter and the maximum term for involuntary homicide. Our opinion is that the judge should have complied with the jury's request for the information, because it was entirely within the discretion of the jury to render a verdict of guilty of involuntary homicide instead of a verdict of guilty of manslaughter. But the failure of the judge to give the jury the information in this instance could not have been prejudicial to the defendant, because the only purpose that the jury could have had in asking for the information was to determine whether to render a verdict of guilty of manslaughter or a verdict of guilty of involuntary homicide, and the jury rendered the latter verdict.

■ Bill No. 5 was reserved to the overruling of a motion for a new trial, on the allegation that the verdict was contrary to the law and the evidence. The bill therefore does not present a question of law for decision.

The verdict and sentence are affirmed.