BAND, J.
 

 In count one of the indictment it is charged that defendant “murdered” Caleb Surrey, and in count two that defendant “murdered” Bogus Connett.
 

 Defendant was tried for both murders before the same'jury, was found guilty as charged, and was sentenced to be hanged.
 

 Defendant has appealed, and the record presents for our consideration three bills of exceptions.
 

 Bill No. 1.
 

 A motion to quash the indictment was filed by defendant for the following reasons, to wit:
 

 1. That the indictment fails to charge defendant with any crime or offense known (;o the laws of the state of Louisiana.
 

 2. That the indictment is vague and indefinite, and fails to set out the necessary and material allegations required under the laws of the state of Louisiana to charge the offense attempted to be charged and brought against the defendant.
 

 3. That the indictment violates his constitutional right to be informed of the nature and cause of the accusation against him, and to due process of law.
 

 The motion to quash was overruled by the trial judge for the reason that the indictment conforms to the provisions of the Code of Criminal Procedure of the state. It is provided in article 235 of the Code of Criminal
 
 *1048
 
 Procedure that: “The following forms of indictments may be used in the cases in which they are applicable, but any other forms' authorized by this or any oilier law of this State may also be. used: '* * * Murder — A. P>. murdered O. D.”
 

 The present indictment complies with the form prescribed by article 235 of the Code. The word “murder,” as used in that article, was deemed by the compilers of the Code, and by the lawmakers in adopting the Code, to be sufficient to include in its legal significance the unlawful killing of a human being with malice aforethought. The short form of indictment for larceny and perjury allowed by article 235 of the Code has been approved by this court, and as “murder” is a word of universal and common meaning, no citizen of average intelligence could fail to understand the significance of a charge of murder prec ferred against him. State v. Abeny, 168 La. 1135, 123 So. 807; State v. Miller, 170 La. 51, 127 So. 361.
 

 The indictment, as confected, does not, in our opinion, deprive defendant of due process of law, nor deny to him his constitutional right to be informed of the nature and cause of the accusation against him.
 

 Bill No. 3.
 

 This bill was reserved to the overruling of a motion in arrest of judgment based upon the following grounds, to wit:
 

 1. That the indictment upon which defendant was tried and convicted herein is fatally defective and without legal effect, for the reason that it charges two separate, distinct, and disconnected crimes; to wit: That defendant murdered Caleb Surrey, and that defendant murdered Bogus Connet.
 

 2. That under the laws of Louisiana, and particularly under title 19 of the Code of Criminal Procedure for the state of Louisiana, adopted in 1928, no indictment shall charge more than one such crime.
 

 Under title 19 of the Code, chapter 1 (articles 210-226) are two articles relating to the counts of an indictment. These are articles 217 and 218.
 

 Article 217 provides that:
 
 “Except as otherwise, provided,
 
 under this title, no indictment shall charge more than
 
 one
 
 crime, but the same crime may be charged in different ways in several counts.”
 

 Article 218 provides that: “When two or more crimes result from a single act, or from
 
 one continuous unlawful transaction,
 
 only
 
 one indictment
 
 will lie; but each of said distinct crimes, though some of them be
 
 felonies
 
 and others of them
 
 misdemeanors,
 
 may be separately charged in
 
 distinct counts
 
 in the same indictment.”
 

 In State v. Thornton et al., 142 La. pages 798 and 799, 77 So. 634, 635, it is said: “ ‘When two or more crimes result from a single act, or from one continuous unlawful transaction, whether denounced by the same statute or by different statutes, since no person once convicted or acquitted can be afterwards tried for another offense on the same facts,
 
 hut one indictment
 
 will lie.’ Marr’s Crim. Jur. p. 419.
 

 “In the case of State v. Crosby, 4 La. Ann. 434, where larceny and receiving stolen goods were «barged in several counts of an information, it is said: ‘The authorities establish conclusively that it is no objection to the validity of an indictment that several offenses of
 
 the same nature,
 
 and upon which
 
 the same or a similar judgment may he given,
 
 are charged in different counts. 2 Hale’s P. C. 173; 1 Chitty,' C. L. 253; Wharton, C. L. 106. The joinder of a count for larceny with one for receiving stolen goods, lias been held to be good both in England and in the United
 
 *1050
 
 States. In Pennsylvania it is said to be the most usual practice to unite counts in one indictment, charging both of those offenses, although in that state the receiving of stolen goods
 
 is only a misdemeanor.
 
 Rex v. Galloway, Moody’s Crown Cases, 235; Wharton, C. L. 108, and note; People v. Rynders, 12 Wend. (N. Y.) 420; Kane v. People, 8 Wend. (N. Y.) 210, 211.’ [Italics ours.]
 

 “That decision has been affirmed in State v. McLane, 4 La. Ann. 435; State v. McLane, 4 La. Ann. 437; State v. Moultrie, 33 La. Ann. 1146, and State v. Laque, 37 La. Ann. 853.
 

 “ ‘The right to compel the prosecution to elect on which count or charge it will proceed is confined to cases where an indictment contains charges which are entirely distinct and grow out of different transactions.’ Harr’s Criminal Jur. p. 423; Bishop’s New Crim. Pro. vol. 1, §§ 445 (2) and 453.”
 

 Such was the jurisprudence of this state in criminal cases in the year 1918, when State v. Thornton, 142 La. page 798, 77 So. 634, was decided. The substance of this jurisprudence has been embodied in article 217 and in article 218 of the Code of Criminal Procedure, relating to two or more crimes resulting from a single act or from one continuous unlawful transaction, and also in article 226 of the Code relating to the election by the district attorney as to which charge he will proceed with, in the prosecution of the case.
 

 It is true that this jurisprudence, as embodied in these articles of the Code, has been modified by this court in State v. Desselles, 150 La. 494, 90 So.. 773; State v. Bailey, 154 La. 536, 97 So. 851; State v. Hataway, 153 La. 751, 96 So. 556, and in the more recent case of State v. Jacques, 171 La. 994, 132 So. 657, 658.
 

 In the Jacques Case it is said in part: “It is evident, therefore, that article 218 of the Code would violate section 41 of article 7 of the Constitution in every case, in which one of the distinct crimes, charged in separate ■counts and resulting from one continuous unlawful transaction, would have to be tried^by a jury of five, and the other distinct crime or crimes so charged would haye to be tried by a jury of twelve members.
 

 “It may be true that, in some cases arising under article 218 of the Code, distinct crimes, charged in the indictment in separate counts might be of the same magnitude, and all might be triable by a jury of five or a jury of twelve members.
 

 “However, article 21S of the Code must be. construed as a whole, and cannot be separated by us into different parts for different purposes, in passing upon the constitutionality of the article, as the Legislature clearly intended that its provisions should operate in their entirety, or not at all. State v. Beeling, 169 La. 785, 126 So. 61.”
 

 In the Jacques Case, the defendant was charged with murder in one count and robbery in another count, resulting from one continuous unlawful transaction, and the court went too far in holding that article 218 was unconstitutional as a whole. “The authorities establish conclusively that it is no objection to the validity of an indictment that several offenses of the same nature, and upon which the same or a similar judgment may be given, are charged in different counts.” State v. Thornton et al., 142 La. 798 and 799, 77 So. 634, 635, and cases there cited.
 

 In the case at bar the two murders with which defendant is charged resulted from one continuous unlawful transaction; they are offenses of the same nature; they are triable by a jury of twelve, all of whose members must concur to render a verdict of guilty as charged, or to retuin a verdict of not
 
 *1052
 
 guilty; and they are offenses punishable alike by the same or a similar judgment.
 

 It is clear, therefore, that no constitutional objection can be urged against- the inclusion in one indictment in separate counts of two murders, or other crimes of the same nature, when such crimes result from one continuous unlawful transaction, and are triable and punishable alike.
 

 In our opinion the indictment is valid, and the motion in arrest was properly overruled.
 

 Bill No. 2.
 

 This bill was reserved to the overruling of a motion for a new trial. Defendant recites in this bill that:
 

 “(1) He was tried and convicted under an indictment charging twó separate and distinct crimes, the said charges being laid under separate and distinct counts in the indictment, count one alleging that he murdered Caleb Surrey and count two' that he murdered Bogus Connet.
 

 “(2) That under the laws of Louisiana, and particularly under articles 411 and 412 of the Code of Criminal Procedure for the State, the trial jury could have rendered a separate and distinct verdict on each count in the indictment, or on either of said counts, or a verdict covering both of said counts, or a verdict on only one, which would have meant not guilty upon the other, or a verdict of not guilty, which would have meant not guilty of any offense charged in the indictment or a verdict of guilty, without specification, which would have meant guilty as charged in each count of the indictment.
 

 “(8)
 
 That under the laws of Louisiana, and particularly under article 383 et seq. in chapter 9 of title 22 of the Code of Criminal Procedure, it is the duty of the judge presiding over the trial to chárge the jury on the law
 

 applicable to the case and to charge the jury that it is their duty to accept and apply the law as laid down to them by the judge.
 

 “(4) That notwithstanding said facts, upon the trial of this ease the presiding judge failed to charge the jury on all the law applicable to the case, and particularly did he fail to charge the jury on the law with reference to the separate counts, in the indictment, or charge the jury that each count alleged a separate and distinct crime which could be designated and passed upon separately from the crime alleged in the other count, or point out and charge the verdicts the jury could render thereon or thereunder, or the effect of rendering one general verdict, or their right to designate either or both counts, or the effect of their failure to so designate, and that nothing whatsoever about separate counts in the indictment or verdicts thereon was ehar'ged to the jury by the judge, and that the jury actually retired to consider the case and render its verdict without ever having been charged or advised in open court by the judge in the presence of the defendant, or his counsel, of the purpose of said counts in said indictment, or the jury’s rights and duties with reference to a verdict thereon, as the law requires.
 

 “(5) That under the law as charged by the judge, the jury could only return one of four possible verdicts, namely: guilty as charged, guilty as charged without capital punishment, guilty of manslaughter, or not guilty, and the jury could not divide its verdict or say that the defendant was guilty or not guilty of one of said crimes without making the said verdict apply to both crimes, or could not otherwise differentiate in its verdict between the two crimes charged.
 

 “(6) That the verdict rendered against him herein automatically carries with it the penalty of death, and that he might have receiv
 
 *1054
 
 ed a different verdict, if the jury had been properly charged as to the law applicable to the case, ánd that said failure to properly charge the jury worked a great injustice upon him.-
 

 “(7) That unless a new trial is granted him herein the improper and incomplete charge of the judge and the verdict rendered thereunder will deprive defendant of his liberty and of his life illegally and without due process of law, in violation of his rights under the Constitution of the State of Louisiana of 1921, and particularly section 2 of -article 1 thereof, and under the Constitution of the United States, and particularly the Fourteenth Amendment thereto.
 

 “That the verdict rendered herein is contrary to the law and the evidence.” .
 

 The trial judge states in his per curiam to this bill that: “The court did charge the jury fully on the law applicable to murder, and pointed out to the jury that the defendant was accused of murder in two counts, namely, 1st, the murder of Caleb Surrey, and 2nd, with the murder of Bogus Connett, and the court further charged the jury that in a murder case the four responsive verdicts are 1st, guilty as charged, 2nd, guilty as charged without capital punishment, 3rd, guilty of manslaughter, 4th, not guilty.
 

 “While the court pointed out to the jury the various verdicts that would be responsive as above indicated, the court did not attempt to enumerate to the jury the almost infinite combination of verdicts that could be rendered on the two counts. The testimony abundantly supported the verdict -of guilty as charged as to both counts. Defendant’s own testimony' showed that he killed Surrey because Surrey was permitting Connett to hide behind him and use Surrey as a shield, and, after Surrey was killed, the defendant shot and killed Connett, just as he said he would while Connett was shielding himself behind Surrey.”
 

 Counsel for defendant made no objection to the charge delivered by the trial judge to the jury, reserved no bill to any part of it, and did not request that any special charge be given to the jury before they retired to consider their verdict in this case.
 

 Article 391 of the Code of Criminal Procedure provides that: “Every objection to the charge given or to a refusal to charge as requested, or to a refusal to give the charge in writing, shall be by means of a bill of exceptions reserved before the jury shall have retired to deliberate upon their verdict, and shall be accompanied by such a statement of facts as shall show the error in the charge given, or in -the refusal to charge as requested, or that the request to give the charge in writing was refused.”
 

 It is too late to object to a charge to a jury in a motion for a new trial. Ma'rr’s Crim. Juris. (2d Ed.) vol. 2, § 685 et seq.
 

 It is therefore ordered that the conviction and sentence appealed from be affirmed.