O’NIEBL, C. J.
 

 (dissenting).
 

 My opinion is that the motion in arrest of judgment should have been sustained on the ground that two crimes of murder cannot be charged in one indictment. Article 217 of the Code of Criminal Procedure declares that, except as otherwise provided in that section, an indictment shall not charge more than one crime, although the one crime maybe charged in different ways in several counts. Article 218, which declares that, when two or more crimes result from a single act, or from one continuous unlawful transaction, only one indictment will lie, has been declared unconstitutional. It was so pro
 
 *1056
 
 nounced, not only in State v. Jacques, 171 La. 994, 132 So. 657, but also in State v. Cormier, 171 La. 1035, 132 So. 779, 781, where it was declared emphatically t)rat article 218 had “no existence,’'’ viz.:
 

 “Since it is impossible to carry out the object of the Legislature, in inserting- article 218 in the Code, without violating the Constitution, there remains nothing to do but to declare the entire article unconstitutional. Its provisions are not separable. The whole article must stand or the whole article must fall. No part of it can stand without the other parts. To attempt to make one part stand without the rest would result in, defeating the legislative will.
 

 “It should be observed that no plea- to the constitutionality of article 218 of the Code was filed in this case. However, in the case of State v. Jacques (La. Sup.) 132 So. 657,
 
 [1]
 
 this day decided, such a plea was filed, that case being the first one presented to this court in which the unconstitutionally of article 218 was directly raised by the pleadings, and, substantially, for the reasons here assigned, the plea was sustained. Therefore article 218 of the Code has no existence as the 'result of the decree in that case. Sinte that article is unconstitutional, there is no reason why the motion to quash, in this case, should not be overruled, and the defendants put upon trial under the indictment charging them, with manslaughter.”
 

 That decision was rendered last March; and now, without even citing the case, or referring to it, the court is overruling what was there decided in the most deliberate and emphatic terms that could possibly have been used.
 

 In State v. Batson, 108 La. 479, 32 So. 478, 479, it was held that the murder of two or more persons might be charged in one count in an indictment if the killings were done by one act. “If, however,” said the court, “the testimony shows that the killing of two persons was not by one act, the defendant has the right to compel the state to elect upon which charge it will proceed.” (Citing the authorities.)
 

 Now, if we deny what we said in State v. Cormier, and hold that article 218 of the Code is in existence, a person who is charged in two or more counts in an indictment with the murdering of two or more persons will be denied the right to compel the district attorney to elect on which charge he will proceed; because article 226 declares that the right to compel the district attorney to elect on which charge of an indictment he will proceed, whether the charge be contained in the same count or in separate counts, is confined to cases where the indictment contains charges which are entirely distinct and grow out of different transactions; and the motion to compel such election can be made only before the trial begins.
 

 Article 225 permits the charging in separate counts of an indictment any number of distinct acts of stealing, of embezzlement, of obtaining money by false pretenses, or of swindling, provided the acts were committed within the period of six months from the first to the last of such acts. That- shows quite clearly that, except with regard to the crimes mentioned in article 225, the only authority for charging two or more crimes in one indictment, in separate counts, was to be found in article 218. My opinion is that that article was never intended to be be applied to two or more crimes of murder, even when committed about the same time, or in the same difficulty. It was never intended to apply to two or more crimes of personal injury committed on two or more persons. The article was-copied from Marr’s Criminal
 
 *1058
 
 Jurisprudence, § 335, p. 497, where the reason for the rule is stated, thus: “When two or more crimes result from a single act, or from one continuous unlawful transaction, whether denounced by the same statute or by different statutes,
 
 since no person once convicted or acquitted can be afterwards tried for another offense on the same facts,
 
 but one indictment will lie.” (The italics are mine.) The rule was therefore a rule of necessity to be applied only to cases where one act or transaction constituted two or more crimes or offenses. There is no such necessity in the case of two or more crimes of murder, because a conviction or an acquittal of the murder of one person would not bar a prosecution for the murdering of another person. Where the murdering of two or more persons by one act is charged as only one crime, as in the Batson Case, or, for example, by the throwing of a bomb, the crime is charged in one count, and as only one crime. But where the defendant is charged with two or more crimes of murder, he ought to have the right to be tried separately for each crime. If article 218 is to be reinstated in the Code of Criminal Procedure, a defendant charged with two or more crimes of murder, in separate counts of an indictment, will be denied the right to be tried separately for each crime, unless the court intends to delete article 226.
 

 [1]
 

 171 La. 994.