(136 So. 97)

## STATE v. BELL et al.

No. 31265.

June 22, 1931.

Rehearing Denied July 17, 1931.

Percy Saint, Atty. Gen., Harry Fuller, Dist. Atty., of Winnfield, V. M. Mouser, Asst. Dist. Atty., of Columbia, and E. R. Schowalter, Asst. Atty. Gen., for the State.

S. R. Holstein, of Jena, for appellees.

ROGERS, J.

The defendants, Bill Bell, Ed. Tullos, and J. D. Price, were charged in separate counts of a bill of information with the following offenses resulting from a single act, viz.: (1) Cutting and stabbing one Newell Ray Volentine with a dangerous weapon with the intent to murder; and (2) inflicting a wound less than mayhem upon said Volentine with a dangerous weapon.

Defendants filed a motion to quash the information on the ground that it charged more than one offense, and, in the alternative, that the state should be required to elect on which charge it intended to proceed against the defendants. The motion was heard on April 11, 1931, at which time the trial judge overruled the motion to quash and took under advisement the motion to elect. The case was then fixed for trial on the merits for April 27, 1931. On that day, the trial judge rescinded his former ruling on the motion to quash, which he then sustained on the authority of the recent decision of this court in State v. Jacques, 171 La. 994, 132 So. 657. The district attorney thereupon filed a motion pleading the unconstitutionality of article 217 of the Code of Criminal Procedure. This motion was overruled. Bills of exception were reserved to the rulings of the court on the motion to quash and on the motion attacking the constitutionality of the codal article. Relying on these bills, the state is prosecuting this appeal from the judgment dismissing the prosecution.

Prior to the adoption of the Code of Criminal Procedure, the well-settled jurisprudence was that offenses growing out of the same act and belonging to the same generic class could be charged in separate counts in the same indictment, provided the offenses so charged were subject to the same mode of trial and nature of punishment. State v. Hataway, 153

La. 751, 96 So. 556; State v. Thornton, 142 La. 797, 77 So. 634; State v. Thompson, 51 La. Ann. 1089, 25 So. 954; State v. Cook, 42 La. Ann. 85, 7 So. 64; State v. McDonald, 39 La. Ann. 959, 3 So. 92.

Article 217 of the Code of Criminal Procedure declares that "except as otherwise provided under this title, no indictment shall charge more than one crime, but the same crime may be .charged in different ways in several counts." And article 218 of the Code provides that, "when two or more crimes result from a single act, or from one continuous unlawful transaction, only one indictment will lie; but each of said distinct crimes, though some of them be felonies and others of them misdemeanors, may be separately charged in distinct counts in the same indictment." These articles under the Criminal Code constitute the law; article 217 being the general law, and article 218 being the proviso, whereby two distinct offenses resulting from a single act, or from one continuous unlawful transaction, can be charged in separate counts in the same indictment.

In State v. Jacques, referred to supra, as well as in State v. Cormier, 171 La. 1035, 132 So. 779, we held that article 218 of the Code of Criminal Procedure was unconstitutional in its entirety. In view of this pronouncement, the trial judge herein concluded that article 217 of the Code of Criminal Procedure was the only existing pertinent legislative enactment, and, since under that article only one crime can be charged in the same indictment the defendants' motion to quash was well founded.

But in State v. White, 136 So. 47,[1] recently decided, we again had occasion to consider the constitutionality vel non, of article 218

[1] 172 La. 1045.

of the Code of Criminal Procedure. There we expressly stated that the court went too far in the Jacques Case in holding the codal article unconstitutional as a whole. In that case the defendant was charged in separate counts in the same indictment with two murders resulting from one continuous unlawful transaction. And we held specifically "that no constitutional objection can be urged against the inclusion in one indictment in separate counts of two murders, or other crimes of the same nature, when such crimes result from one continuous unlawful transaction, and are triable and punishable alike."

What we said in State v. White, relative to the Jacques Case, applies with equal force to our decision in the Cormier Case. In each of these cases the offenses charged grew out of the same unlawful continuous transaction. In the Jacques Case, the defendant was charged in separate counts of the same indictment with murder and with robbery. In the Cormier Case, the defendants were charged in separate indictments with manslaughter and with cutting with a dangerous weapon with intent to murder. The motion to quash was sustained in the Jacques Case and overruled in the Cormier Case. Our decision in both cases was based on the unconstitutionality of article 218 of the Code of Criminal Procedure, which we found to be in direct conflict with section 41 of article 7 of the Constitution 1921, providing for the trial of cases according to the punishment imposed by law. But, in giving effect to our finding, we went beyond the necessities of the cases in declaring that article 218 of the Code of Criminal Procedure was unconstitutional in its entirety. There is no reason why, as we held in the later case of State v. White, supra, we should not follow so much of our prior jurisprudence as is embodied in articles 217 and 218 of the Code of Criminal Procedure permitting the inclusion

in one indictment in separate counts of kindred offenses, belonging to the same generic class, where the offenses charged grow out of the same continuous unlawful transaction and are subject to the same mode of trial and nature of punishment, which jurisprudence indisputably is not antagonistic to the constitutional provisions.

In the case presently before us, the offense charged in count 1 of the indictment is denounced by Rev. Stat. § 791, as amended by Act No. 43 of 1890, reading as follows, viz.:

"Whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to commit murder, under any other circumstances than those mentioned in the preceding section, shall, on conviction, suffer imprisonment at hard labor or otherwise for not less than one nor more than twenty-one years."

The offense charged in count 2 of the indictment is denounced by Rev. Stat. § 794, as amended by Act No. 17 of 1888, which provides:

"Whoever shall wilfully and maliciously, with a dangerous weapon, or with intent to kill, inflict a wound less than mayhem upon another person, shall, on conviction, be imprisoned not exceeding two years, with or without hard labor, and fined not exceeding one thousand dollars."

The punishment imposed by the statutes for the offenses not necessarily being at hard labor, and both being committed by the same parties upon the same person at the same time and place, they are unquestionably subject to the same mode of trial and nature of punishment.

For the reasons assigned, the judgment appealed from is annulled, the motion to quash is overruled, and the case is remanded to the district court for further proceedings.

O'NIELL, C. J., dissents.