(137 So. 852)

## STATE v. HURST.
### No. 31468.

Nov. 3, 1931.

Percy Saint, Atty. Gen., Robert S. Ellis, Jr., Dist. Atty., of Amite, and E. R. Schowalter, Asst. Atty. Gen., for the State.

Reid & Reid, of Hammond, for appellee.

LAND, J.

Defendant is indicted in separate indictments for the murder of Johnnie Hurst and of Marvin Allen on March 15, 1931, in the parish of St. Helena.

Defendant was tried and acquitted under the indictment charging him with the murder of Johnnie Hurst. Thereafter, having been incarcerated in the parish jail, without the benefit of bail, under the indictment charging him with the murder of Marvin Allen, defendant applied to the district court for a writ of habeas corpus, on the ground that the two homicides resulted from one continuous unlawful transaction, and that therefore only one indictment would lie under the provisions of article 218 of the Code of Criminal Procedure of the state.

The writ of habeas corpus was issued, and, after hearing had, the trial judge found that the facts stated by defendant in his application for the writ were well founded, and discharged defendant from custody on the authority of State v. White, 172 La. 1045, 136 So. 47, 48.

From this judgment, the state has appealed.

The White Case specifically overruled the decisions of this court in the cases of State v. Jacques, 171 La. 994, 132 So. 657, and State v. Cormier, 171 La. 1035, 132 So. 779, upon which the state relies in the present case, in so far as in conflict herewith.

In the White Case, the constitutionality of article 218 of the Code of Criminal Procedure was sustained, in so far as it applied to "the inclusion in one indictment in separate counts of two murders, or other crimes of the same nature, when such crimes result from one continuous unlawful transaction, and are triable and punishable alike."

The ruling made in the White Case was later reviewed in State v. Bell et al., 136 So. 97,[1] and was upheld by this court. The jurisprudence on the subject of article 218 of the Code of Criminal Procedure must now be considered as definitely settled.

Judgment affirmed.

[1] 173 La. 87.