(139 So. 481)

## STATE v. WILLIAMS.

No. 31576.

Jan. 4, 1932.

Rehearing Denied Feb. 1, 1932.

Harris Gagne, of Houma, for appellant.

Percy Saint, Atty. Gen., J. A. O. Coignet, Dist. Atty., of Thibodaux, and E. R. Schowalter, Asst. Atty. Gen., for the State.

O'NIELL, C. J.

The appellant was indicted for the crime of involuntary homicide, under Act No. 64 of 1930, and was convicted and sentenced to imprisonment in the parish jail for a year. The case comes up on a bill of exceptions taken to the overruling of a motion in arrest of judgment. The argument made in support of the motion is that the act of 1930 is null because, with regard to the penalty prescribed, the act is not consistent with section 786 of the Revised Statutes, with regard to involuntary manslaughter, which the act of 1930 declares is not repealed. Counsel for appellant cites State v. Hickman, 127 La. 442, 53 So. 680, to the effect that two criminal statutes that are not consistent with regard to the penalty prescribed cannot both prevail. In that case it was decided that the law against cattle stealing, Act No. 64 of 1910, had the effect of repealing the larceny statute, Act No. 124 of 1874, in so far as the penalty for the stealing of cattle was concerned. That decision is not appropriate to this case, because Act No. 64 of 1930 and section 786 of the Revised Statutes are not inconsistent. The act of 1930 provides, in effect, merely that involuntary manslaughter committed by the grossly negligent use or operation of a vehicle shall be subject to a less severe penalty than that which is prescribed for involuntary manslaughter committed otherwise, if the district attorney accuses the defendant—or the jury convicts him—of involuntary homicide instead of manslaughter. State v. Flattmann, 172 La. 620, 135 So. 3.

The conviction and sentence are affirmed.