ODOM, J.
 

 Leo McGowan, W. H. Longmire, and Mrs. Lennie Stephens Marchand were jointly charged in one bill of information with six separate and distinct crimes of robbery; it being alleged in the bill that all six of the crimes resulted from one continuous unlawful transaction.
 

 • The defendant, Leo McGowan, moved for a severance, which was granted. He was tried, convicted, and sentenced on all counts; hence this appeal.
 

 The defendant moved to quash the bill of information on the ground that it charges six separate and distinct crimes, which renders it fatally defective. He also moved that the district attorney be ordered to elect on 'which charge in the bill he proposed to prosecute. The motion to quash and to elect were overruled. After conviction, he filed a motion for a new trial, which was overruled.1
 

 1. The bill of information was drawn in exact accord with article 218 of the Code of Criminal Procedure, which provides that:
 

 “When two or more crimes result from a single act, or from one continuous .unlawful transaction, only one indictment will lie; but each of said distinct crimes, though some of them be felonies and others of them misdemeanors, may be separately charged in distinct counts in the same indictment.”
 

 The six crimes for which defendant was prosecuted were separately charged in distinct counts in the same bill. The bill charges that defendants robbed Joe Vuci of $60, Frank Vuci of $25, Joe Maggio of $73, Tony Grophia of $10, P. B. Slocum of $30, and Frank Stablier of $12.50, and that each of said robberies was committed at the same time and place “and as part of the same continuous unlawful transaction.”
 

 We are informed by counsel for defendant in his brief that those alleged to have been robbed were “crap-shooters,” all engaged in the same game, and that defendants invaded the game and robbed the participants.
 

 One of counsel’s objections to the bill is that the robbery of each of the persons named was a separate and distinct crime, and all of said crimes could not have been the result of one continuous transaction, as some interval of time, however short, must have intervened between the different robberies.
 

 It may be and probably is true that some interval of time elapsed between the physical takings of the money from the different individuals. Even so, it is perfectly apparent from what counsel says in his brief that each of the robberies was part of but one transac
 
 *29
 
 tion. The defendants invaded a place where they found a number of persons grouped together engaged in a game of craps, and there and then, without turning aside and without let-up, they proceeded to rob six members of the group. The transaction undertaken by the defendants was the robbery of the participants in the crap game. The fact that they intended to rob each member of the party is shown by their performance. Instead of waiting until the game broke up and then robbing the individuals separately, they robbed each while they were all grouped together. While the robbery of each was a separate and distinct crime, the whole affair was one continuous transaction. If these defendants had gone to the place where the patties were engaged in the game with intent to murder instead of to rob them and had shot each of them to death, the killing of each would have been a separate distinct crime, and would have resulted from one continuous murderous transaction as contemplated by article 218 of the Code of Criminal Procedure, even though some interval of time had elapsed between the firing of the different-shots. The fact that some interval of time may have elapsed between the firing of the different shots is immaterial.
 

 The bill of information in this case was drawn in exact accord with the article 218 of the Code. Each of the six robberies was separately charged in distinct counts in the same bill; it being charged that all of them resulted from one continuous unlawful transaction.
 

 2. Counsel’s second point is that article 218 of the Code of Criminal Procedure is unconstitutional, and he cites in support of his contention the cases of State v. Jacques, 171 La. 994, 132 So. 657, and State v. Cormier et al., 171 La. 1035, 132 So. 779.
 

 In the cited cases, the court did hold that said article of the Code was unconstitutional, but those cases have been expressly overruled in so far as they hold that the entire article is unconstitutional.
 

 In State v. White, 172 La. 1045, 136 So. 47, 48, the jurisprudence of this and other states was reviewed in an exhaustive opinion written by the same justice who wrote the opinion in the Jacques Case, and it was there held that the court went too far in the Jacques Case “in holding that article 218 was unconstitutional as a whole.” In the White Case, supra, the court said:
 

 “It is clear, therefore, that no constitutional objection can be urged against the inclusion in one indictment in separate counts of two murders, or other crimes of the same nature, when such crimes result- from one continuous unlawful transaction, and are triable and punishable alike.”
 

 The holding in the White Case was reaffirmed in State v. Bell, 173 La. 87, 136 So. 97, 98, and in State v. Hurst, 173 La. 459, 137 So. 852.
 

 3. Article 218 of the Code of Criminal Procedure was repealed by Act No. 153 of 1932, p. 508, but that act went into effect subsequent to the date on which the bill of information in the instant case was filed and subsequent to date on which the defendant was tried and convicted, and does not apply.
 

 4. Defendant’s motion to elect was properly overruled by the trial court under article 226 of the Code of Criminal Procedure, which provides that the right to compel the district attorney to elect on which
 
 *31
 
 charge in an indictment he will proceed “is confined to cases where the indictment contains charges which are entirely distinct and grow out of different transactions.”
 

 The verdict and sentence appealed from are affirmed.