112 So.2d 713

**STATE of Louisiana**

v.

**Charles O. BURR.**

No. 44537.

June 1, 1959.

Rehearing Denied June 25, 1959.

Pavy & Boudreaux, Opelousas, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. Y. Fontenot, Dist. Atty., Morgan J. Goudeau, III, Asst. Dist. Atty., Opelousas, for appellee.

PONDER, Justice.

The defendant is appealing from his conviction for the crime of cattle theft and his sentence thereunder to imprisonment at hard labor for a period of three years.

During the course of the trial, his counsel took four bills of exception to the rulings of the trial court.

■ Bill of Exception No. 1 was taken to the court's refusal on the date of the trial, to grant a continuance. The application for a continuance was based on the ground that the defendant was not mentally capable of assisting in his defense. We find from an examination of the record that previously the trial court held a hearing, on application of defendant's counsel, to inquire into the defendant's mental condition. It appears that prior to this hearing the defendant was sent to the East Louisiana Hospital at Jackson, Louisiana where he was examined by experts and these experts filed a report showing that they had made the examination and found that the defendant knew and understood the seriousness of the charges against him, that he was able to distinguish between right and wrong, that he knows the usual consequences of his acts, and that he is able to assist counsel in his defense. The trial judge in his per curiam states that he had occasion at numerous times to observe the defendant and did not feel justified in granting a continuance as the defendant already had every safeguard thrown about him.

While counsel for the defendant does not stress this bill of exception in his brief or his argument before this Court, we have examined into the merits of this bill and find that the trial court has not abused its discretion in refusing a continuance.

■ Bill of Exception No. 2 was taken to the ruling of the court sustaining the state's objection to the introduction in evidence of a prior commitment of the defendant for examination to the Central Louisiana State Hospital at Pineville, Louisiana in the year 1955. This appears to be the only bill that counsel for the defendant relies upon. It is the contention of the defendant that although no plea of insanity was filed or urged that nevertheless the commitment has an important bearing on the question of a guilty scienter and that the denial of this evidence is prejudicial to the defendant's case. Counsel argues that this evidence should have been submitted to the jury in order that the jury might properly determine whether or not the defendant had the necessary guilty knowledge or criminal intent to commit the crime for which he was being tried.

The trial judge in his per curiam states that he refused admission of the commitment in evidence on the ground that it was made in 1955, some three years before the trial of this case, that no special plea of insanity was filed and that the defendant

had been examined previous to the trial by a lunacy commission and found to be mentally capable.

In the case of State v. Gunter, 208 La. 694, 23 So.2d 305, 307, this Court held:

"In the absence of a special plea setting up as a defense defendant's insanity or mental irresponsibility, the issue of defendant's mental condition at the time the offense was committed did not arise in this case and the judge did not err in excluding evidence on the issue and refusing to permit it to be submitted to the jury."

Since the defendant did not interpose a plea of insanity and entered an unqualified plea of not guilty, this prior commitment was inadmissible.

Bill of Exception No. 3 was taken to the denial of a motion in arrest of judgment based on the ground that the verdict is contrary to the law and the evidence. This Court has consistently held that a motion based on this ground presents nothing for this Court to review. Bill of Exception No. 4 was taken to the denial of a motion for a new trial based on the same ground urged in Bill of Exception No. 1, which we have already passed upon, and on the further ground that the defendant's actions during the course of the trial showed that he did not understand the seriousness of the offense and was incapable of assisting his counsel.

It appears from the trial judge's per curiam that the defendant was capable of assisting in his defense and knew the usual and natural consequences of his acts.

For the reasons assigned, the conviction and sentence are affirmed.

HAWTHORNE, J., absent.