128 So.2d 21

**STATE of Louisiana**

**v.**

**Robert JAMES, Jr.**

No. 45478.

March 20, 1961.

ity of a party's testimony that it is competent only on his own theory of the case; he has the right to have the case

Thomas M. Comegys, Jr., Shreveport, for defendant-appellant.

submitted to the jury [or the judge] on his theory if there is any testimony to support it."

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Shreveport, for appellee.

HAWTHORNE, Justice.

Robert James, Jr., charged with murder, was tried, found guilty as charged without capital punishment, and sentenced to life imprisonment. Several bills of exception, timely reserved and perfected, present only two questions for our decision on appeal.

The first question involves the validity of the indictment. The indictment under which appellant was convicted was drawn in the short form authorized by Article 235 of the Code of Criminal Procedure. He contends that this indictment is fatally defective because it denied him due process of law and did not inform him of the nature and cause of the accusation.

The contention here raised by appellant as to the unconstitutionality of the short form indictment has been passed upon by this court in other cases and found to be without merit. See State v. White, 172 La. 1045, 136 So. 47; State v. Capaci, 179 La. 462, 154 So. 419; State v. Eisenhardt, 185 La. 308, 169 So. 417; State v. Leming, 217 La. 257, 46 So.2d 262; State v. Eyer, 237 La. 45, 110 So.2d 521.

▌ Appellant states that the first case of this court to approve the short form indictment for the crime of murder was State v. White, supra, and calls our attention to the following quotation from that case:

"The present indictment complies with the form prescribed by article 235 of the Code. The word 'murder,' as used in that article, was deemed by the compilers of the Code, and by the lawmakers in adopting the Code, to be sufficient to include in its legal significance the unlawful killing of a human being with malice aforethought. The short form of indictment for larceny and perjury allowed by article 235 of the Code has been approved by this court, and as 'murder' is a word of universal and common meaning, no citizen of average intelligence could fail to understand the significance of a charge of murder preferred against him. * *"

Appellant then states that the holding in the White case has been the basis of subsequent decisions upholding the validity of an indictment in the short form for the crime of murder, among which are State v. Capaci and State v. Eisenhardt, supra, both decided before the adoption of the Louisiana Criminal Code in 1942.

Appellant does not contend that these cases were incorrectly decided, but argues that when the Legislature adopted the 1942 Criminal Code, the substantive law, including the definition of murder, was changed, and that the word "murder" no

longer has the universal and common meaning of "the unlawful killing of a human being with malice aforethought". Consequently, he says, since 1942, whenever the crime of murder is charged in the short form indictment, the accused is not informed but misinformed; in other words, that since 1942 the short form indictment charging murder does not inform the accused of the nature and cause of the accusation against him.

The answer to appellant's contention is that the definition of murder was not changed in essence when that crime was defined in Article 30 of our Criminal Code in 1942. Under the first subdivision of Article 30 the offender has the specific intent to kill, and malice in the old common-law definition of murder is nothing more than a specific intent to kill, and means the same thing. Subsection (2) of this article, which provides that when an offender engaged in the perpetration or attempted perpetration of certain designated felonies kills a human being, the crime is murder, is nothing more than the common-law rule which was followed in Louisiana before the adoption of the Code. Consequently an indictment in the short form since the adoption of the Criminal Code, contrary to what appellant says, does not misinform the accused of the nature and cause of the accusation against him.

Moreover, since the adoption of this Code the court has had occasion in other cases to consider the validity of the short form indictment for the crime of murder. See State v. Leming and State v. Eyer, both cited supra. In those cases the court concluded that the indictment so drawn did not deny to the defendant his right to due process of law and to be informed of the nature and cause of the accusation.

One of the most frequent attacks on the validity of an indictment is that it does not inform the accused of the nature and cause of the accusation against him. This constitutional provision means only that the gist of the offense charged in an indictment shall be charged in direct and unmistakable terms, and that the offense shall be charged with clearness and all necessary certainty to apprise the accused of the crime with which he stands charged. If an indictment fully and plainly identifies the offense so that the accused may defend properly and later plead a conviction or acquittal in bar of a subsequent charge for the same offense, and so that the court may properly regulate the evidence sought to be introduced and pronounce a valid sentence in the event of conviction, it satisfies the constitutional mandate that the accused must be informed of the nature and cause of the accusation.

The indictment in the instant case meets all these requirements. It informs the ac-

cused of the nature of the accusation—that is, murder; and murder, as has been said before, "is a word of universal and common meaning", and "no citizen of average intelligence could fail to understand the significance of a charge of murder preferred against him". State v. White, supra. It also informs him of the cause of the accusation—that is, that he killed a named human being.

■ The second question for our decision relates to the admissibility of certain evidence. The accused took the stand in his own behalf and testified that he sustained a loss of memory (amnesia) covering the entire period in which he was alleged to have inflicted upon the deceased the injuries from which she died. Subsequently defendant called as a witness a duly qualified physician specializing in neuropsychiatry. Counsel for defendant asked this witness: "Did you make a psychiatric examination of Robert James, Jr., the accused in this case?" When the witness answered that he had, he was asked: "Will you please relate what you learned on that examination and your conclusions therefrom?" The State objected to testimony by this witness relative to mental defect, mental condition, or loss of memory of the accused as being inadmissible on the ground that no plea of insanity had been filed and no commission to examine the accused appointed under orders of the court. The trial judge sustained this objection, and in his per curiam states that he did so under the holding of this court in State v. Gunter, 208 La. 694, 23 So.2d 305, and State v. Burr, 237 La. 1065, 112 So.2d 713.

There can be no question that amnesia is a mental defect. The bill of exception states that the doctor "was duly sworn and gave testimony designed to disclose and in fact disclosing his proper and legal qualifications to testify as a professional medical expert on the mental and intellectual status of the accused at the time of the commission of the offense".

The case of State v. Eisenhardt, 185 La. 308, 169 So. 417, and the cases relied on by the trial judge, State v. Gunter and State v. Burr, supra, support the judge's ruling in the instant case. These cases are full authority for a ruling that where insanity or mental defect at the time of the commission of the crime is urged, evidence tending to prove or establish such insanity or mental defect is not properly admitted in the absence of a special plea of insanity.

For the reasons assigned the conviction and sentence are affirmed.

SANDERS, J., concurs in the decree.