173 So.2d 195

STATE of Louisiana

v.

Juanita MOODY.

No. 47507.

March 29, 1965.

Gordon Goodbee, Covington, Guy L. Deano, Jr., New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Woodrow W.

Erwin, Dist. Atty., Julian J. Rodrigue, Asst. Dist. Atty., for appellee.

HAWTHORNE, Justice.

Juanita Moody, indicted for murder, was found guilty as charged by the jury and sentenced to death. She has appealed.

For reversal of the conviction and sentence appellant's only contention is that the trial judge erred in overruling her motion in arrest of judgment. She argues in this motion that the indictment for murder in the instant case, which was drawn in the short form in conformity with R.S. 15:235, is null and void because that statute violates Article 1, Sections 2 and 10, of the Constitution of Louisiana and Amendments 5, 6, and 14 of the Constitution of the United States.

Counsel cite and rely on State v. Straughan, 229 La. 1036, 87 So.2d 523, decided by this court in 1956, and they contend that the reasoning and authorities cited in that case support their position here. In the Straughan case the court was considering a bill of information charging gambling, drawn pursuant to Act 223 of 1944, which amended Article 235 of the Code of Criminal Procedure (now R.S. 15:235) so as to permit the State in criminal prosecutions to charge a defendant in either indictment or informa-

tion "by using the name and article number of the offense committed" as set out in the Criminal Code. In that case the majority of the court concluded that the amending act violated certain constitutional provisions and was null and void and that the information was therefore fatally defective.

In State v. Eyer, 237 La. 45, 110 So.2d 521, decided by this court in 1959, after the Straughan decision, the appellant, like the appellant in the instant case, was charged with murder in an indictment drawn pursuant to R.S. 15:235. In the Eyer case the appellant relied on a motion in arrest of judgment, taking the position that the statute authorizing a charge of murder in the short form was unconstitutional as violative of Sections 2, 9, and 10 of Article 1 of the Louisiana Constitution of 1921 and the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States; and appellant there cited and relied on State v. Straughan, supra, just as the appellant does in the instant case. This court in the Eyer case pointed out that the Straughan decision took cognizance of a long line of decisions of this court holding that the short form for indictment authorized by R.S. 15:235 charging certain well defined crimes such as murder, theft, etc., met the generally accepted test for constitutional sufficiency,[1] and also pointed out that the

---

1. The cases cited are: State v. Ward, 208 La. 56, 22 So.2d 740; State v. Chanet, 209 La. 410, 24 So.2d 670; State v. Nichols, 216 La. 622, 44 So.2d 318; State v. Leming, 217 La. 257, 46 So.2d 262;

State v. Holmes, 223 La. 397, 65 So.2d 890; State v. Scott, 223 La. 769, 66 So.2d 802; State v. Elias, 234 La. 1, 99 So.2d 1.

Straughan case was authority *only* for the proposition that the 1944 amendment to this article permitting the State to charge an offense by using the name and article number of the offense was unconstitutional. The author of the opinion in the Eyer case was the author of the majority opinion in the Straughan case.

In State v. James, 241 La. 233, 128 So.2d 21 (1961), also decided after the Straughan case, this court again had before it an indictment for murder drawn in the short form. The contention there, as here, was that the indictment did not inform the accused of the nature and cause of the accusation against him. In concluding that there was no merit in this contention the court said of the indictment: " * * * It informs the accused of the nature of the accusation—that is, murder; and murder, as has been said before, 'is a word of universal and common meaning', and 'no citizen of average intelligence could fail to understand the significance of a charge of murder preferred against him'. State v. White [172 La. 1045, 136 So. 47], supra. It also informs him of the cause of the accusation—that is, that he killed a named human being."

Still later, in 1962, in State v. Fulghum, 242 La. 767, 138 So.2d 569, the appellant attacked the validity of a murder indictment drawn under the short form statute.

He made the same contention as in the instant case, that the statute was unconstitutional because it deprived him of due process of law guaranteed by Sections 2 and 10 of Article 1 of the Constitution of this state and the Fifth and Fourteenth Amendments of the Constitution of the United States. This court in the Fulghum case said that the contentions advanced by the appellant had all been previously raised and decided adversely to his averments, and that the constitutionality of R.S. 15:235 had been set at rest. The court cited in support of this statement State v. James, supra, State v. Eyer, supra, and State v. Leming, 217 La. 257, 46 So.2d 262.

In State v. McAllister, 244 La. 42, 150 So.2d 557, decided in 1963, this court again considered the validity of a murder indictment drawn in conformity with the short form statute. The contention was made there that the statute was violative of Sections 9 and 10 of Article 1 of our Constitution, and appellant relied on our decision in State v. Straughan. This court after reviewing the jurisprudence concluded that the indictment was valid, saying: "Murder, being a well defined crime, may therefore be charged in the short form of indictment as employed herein."

Counsel in brief state that they are well aware that this court has repeatedly held the short form indictment not to be uncon-

stitutional, but they ask us to again consider the validity of this type of indictment in the light of the reasoning of the Straughan case. As shown by the cases we have discussed, this court has more than once concluded that the reasoning of the Straughan case is not applicable to a murder indictment drawn in the short form authorized by R.S. 15:235, and it would serve no useful purpose to discuss the matter further.

For the reasons assigned the conviction and sentence are affirmed.