229 So.2d 63

**In re STATE of Louisiana in the Interest of William Louis HARRELL.**

**No. 49982.**

Nov. 10, 1969.

Rehearing Denied Dec. 15, 1969.

James G. Derbes, New Orleans, for relator.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for respondent.

McCALEB, Justice.

Certiorari was granted herein to review the correctness of the ruling of the Juvenile Court for the Parish of Orleans in refusing an application for rehearing of the minor, William Louis Harrell who, appearing through counsel, asserts that the judgment of the Juvenile Court finding him to be a "delinquent child", as defined by R.S. 13:1569, is invalid because he has been denied due process of law in the determination of his delinquency in that neither he nor his parents were provided with a *written* copy of the petition alleging the offense on which his delinquency was based or with any other advance *written* notice of the specific nature of the charge of which he was accused.

On January 8, 1969 at approximately 9:40 P.M. relator, a fifteen year old boy, accompanied by two other juveniles, was apprehended by officers of the New Orleans Police Department when they were found driving a 1966 Ford sedan which had been reported stolen earlier that day. When asked by the police for his driver's license, registration papers or other proof of ownership of the car, Harrell admitted that he did not have these papers and, while questioning the boys, the police noticed a broken side window on the car and glass on the front seat and on the floor. The three boys where then arrested for theft and possession of the car and taken to the Juvenile Bureau. Their parents were notified and Harrell was released to his mother the following morning (January 9, 1969).

About two weeks later (January 23, 1969), relator and his mother, Mrs. Annie Mae Harrell, were interviewed by a probation officer attached to the Orleans Parish Juvenile Court. At that time the officer, who had previously prepared in writing a statement of the facts on which the charge of delinquency was based, read aloud and explained to relator and his mother the specific charges, i. e., theft and possession of a 1966 Ford automobile, and informed them of the juvenile's constitutional rights which they were entitled to waive if they so desired. They chose to do so. The detailed charges explained by the probation officer were typewritten on a Probation Department form of the Juvenile Court, which included printed advice of the constitutional rights to which the juvenile

was entitled and a form providing for a waiver of those rights. This form as executed is included in the record as Exhibit A and is reproduced in the footnote below.[1]

The following day, January 24, 1969, a petition was filed in the Juvenile Court alleging that Harrell, Tyrone Sebble and Wilbert Robinson are delinquent children under R.S. 13:1570(A) (5) by violating R.S. 14:69 relative to receiving stolen things in that "they intentionally procured, received, or concealed a 1966 Ford automobile, belonging to JOHN BLACKLEDGE, valued at $1500.00 * * * New Orleans, Louisiana, under circumstances which indicate that the said juveniles knew or had good reason to believe that the automobile had been the subject of a theft."[2]

1.
**"GUARANTEES AFFORDED TO JUVENILES AND WAIVER OF GUARANTEES**

William Harrell , it has been alleged under police Item Number A–5225–69
(Name of Juvenile) A. M.
that on 1/8/69 , at 9:40 (P. M.) you did violate the laws of the State of
(Day and Date)
Louisiana and/or the City of New Orleans, governing the behavior of persons under the age of 17 years by violating R.S. 14:67A relative to theft
(Statute or Ordinance)
and possession of a 1966 Ford white four door automobile, which is the property of John Blackledge of 625 Papworth, and being valued at $1,500.00. This automobile was stolen from in front of 639 So. Rendon St.

It is my duty and responsibility as a Probation Officer to advise you in the presence of your parent(s) or guardian(s) that you are entitled to the following rights and guarantees:

1. You have the right to remain silent and are under no legal obligation to answer any questions.

2. You have the right to consult with and obtain the advice of a lawyer before answering any questions. However, this is not required and you may not feel it necessary to hire a lawyer.

3. Anything you say to the Probation Officer or any other representative of this court investigating the above matter or any other matters connected with the above described allegations may be presented in a report either orally or in writing to a judge to be considered by him at the time of a hearing or after a hearing."

4. If you feel that you need a lawyer to represent you but cannot afford to hire a lawyer, the court, after determining your financial situation can appoint a lawyer to represent you without expense to you.

2. It is to be noted that the petition herein, which serves the same function as an indictment or bill of information in criminal proceedings, alleges the same facts

Subsequently, Harrell's mother was summoned to appear personally and produce her son, as prescribed by R.S. 13:1575, for a hearing set for February 14, 1969 on the petition charging relator with being a delinquent child but, on that day, the judge continued the matter because Robinson, one of the boys charged, failed to appear.[3] The case was reset for March 20, 1969, about five weeks later.

POLICE ITEM NUMBER A–5225–69

NAME OF JUVENILE _____

\* \* \* \* \* \* \* \* \* \* \* \* \*

I further advise you that in the event you deny the commission of the above described offense and refuse to sign a waiver of your rights as described above, this interview will be terminated and a hearing before a judge will be requested.

I, /s/ William Harrell, have a full understanding of my rights as contained above.

In the presence of my parent(s) or guardian(s) and after having been advised of my rights do desire to waive any and all of my rights as described in numbers 1 through 4 above.

DATE 1/23/69 _____

/s/ William Harrell
_____
Signature of Juvenile

Denied theft of automobile, but admits he was riding in auto. Mother present.

/s/ Annie Mae Harrell
_____
Signature of Parent (Guardian)

_____
Signature of Parent (Guardian)

/s/ Israel Sidney, Jr.
_____
Signature of Probation Officer

\* \* \* \* \* \* \* \* \* \* \* \* \*

(Complete only if there is a denial and a refusal to waive rights)

_____, after having been made aware of the charges against him/her as contained above and after having his/her rights read to him/her, denied the above charge and refused to execute the 'waiver of rights' form.

Date _____ Probation Officer _____ "

as those set out in Probation Department Form 20 except that, instead of charging both theft and possession of the car, the petition charges receipt of stolen things.

3. At the date this matter was set for hearing, the judge advised relator of the nature of the charge contained in the petition.

On this date the hearing proceeded. Harrell denied stealing the car and denied knowing that it was stolen. However, the judge heard testimony from various sworn witnesses concerning the theft and the circumstances of the possession and the boys' subsequent apprehension. At the conclusion of the evidence Harrell and the two other juveniles were found to be delinquent. Harrell was committed to the State Industrial School for an indefinite period.

Mrs. Harrell did not employ an attorney to represent relator in the Juvenile Court proceeding nor did she or her son at any time ask the court to appoint counsel to represent him. However, after the boy had been found delinquent, present counsel appeared on April 24, 1969 and filed an application for a rehearing, contending that neither Harrell nor his parents had been given adequate notice of the charges upon which the allegations of Harrell's delinquency are based. The application for a rehearing was refused and counsel then applied to the Court of Appeal, Fourth Circuit, for relief. When the application was denied by that court, counsel applied here and this Court issued a writ of certiorari with a stay order.

 The basic contention of Harrell in this proceeding is that he has been deprived of due process of law because neither he nor his mother was provided with a written copy of the petition filed

in the Juvenile Court charging the juveniles with delinquency and that he was never given timely *written* notice of the charge against him. In support of relator's position, his counsel relies on Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

After considering the facts as shown by the record, it is our opinion that the Gault decision is inapposite and that relator has been afforded due process of law and advised of all constitutional guarantees to which he was entitled.

Article I, Section 10 of the Louisiana Constitution and the Sixth Amendment of the United States Constitution provide (among other guarantees) that in all criminal prosecutions the accused shall be informed of the nature and cause of the accusation against him. However, it has not been regarded necessary, in order to satisfy this guarantee, for the State to serve a copy of the indictment or information upon the accused in the absence of a statutory requirement to that effect, and we know of no authority which has interpreted the constitutional guarantee of due process to require such service. Indeed, the law is to the contrary. United States v. Van Duzee, 140 U.S. 169, 173, 11 S.Ct. 758, 35 L.Ed. 399 (1891); Yodock v. United States, 97 F.Supp. 307 (D.C.Pa.1951); Article 498 C.Cr.P.

And, if it is not essential in a criminal case, it seems manifest that the status of

the State as parens patriae should not be considered more onerous in a juvenile proceeding which is sui generis. Nor does the failure to serve a copy of the written charge justify a conclusion that the accused or a juvenile found delinquent has been deprived of due process of law. It suffices to satisfy constitutional requirement when the charge has been read at arraignment or when it is read and orally explained to the juvenile and his parent, as it was in this case, at a time prior to his trial which affords him a reasonably sufficient interval to prepare his defense. Article 498 C.Cr.P. provides only that a certified copy of the indictment or information shall be furnished the defendant upon his request, and failure to furnish a correct copy shall not affect the validity of the criminal prosecution unless the accused has been substantially prejudiced thereby.

In the case at bar, relator and his mother were explained the charges on which his delinquency was based in understandable language and detail by the probation officer prior to the filing of the petition. They were advised of their constitutional right to counsel and voluntarily signed a waiver of such right. They were duly summoned to appear and did appear at a contradictory hearing anent the minor's delinquency in adequate time to prepare a defense and were accorded all safeguards provided for a fair and impartial trial under the State and Federal Constitutions.

The facts and procedures employed in the instant case bear no resemblance to those appearing in Re Gault relied on by relator. For there, as a summary of the facts exhibits (see 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527), the petition was filed on the day of hearing and not served or shown to the boy or his parents; it made no reference to the factual basis for the judicial action " * * * stating only that the boy was a delinquent minor; the complainant was not present at the hearing, where no one was sworn; the officer stated that the boy admitted making the lewd remarks after questioning outside of the presence of the juvenile's parents, without counsel, and without being advised of his right to silence; and neither the boy nor his parents were notified of the boy's right to be represented by counsel and of the right to appointed counsel if they could not afford a lawyer."

The argument of counsel for relator seems to be that the Supreme Court has laid down certain guidelines of due process which are essential in all cases, irrespective of their facts. We do not think so. It is true that the Supreme Court did say that the juvenile and his parents should be given written notice of the specific charge or factual allegations sufficiently in advance of the hearing to permit preparation. But this statement of the Court was used solely in connection with the circumstances of that particular case and, hence, we

cannot view the statement as an inexorable ipse dixit that notice understandably imparted by the reading and explanation of the charge to the juvenile and his parents is not constitutionally effective and does not satisfy due process when all other requirements are present. Indeed, the language of the Court does not justify such an inflexible construction. For, in concluding that the notice in the Gault matter did not satisfactorily comply with constitutional requirements, the Court went on to observe:

> "* * * Due process of law requires notice of the sort we have described—that is, notice which would be deemed *constitutionally adequate in a civil or criminal proceeding.* It does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake *without giving them timely notice, in advance of the hearing, of the specific issues that they must meet. Nor, in the circumstances of this case, can it reasonably be said that the requirement of notice was waived."* (Emphasis ours. See 387 U.S., pp. 33, 34, 87 S.Ct., pp. 1446, 1447, 18 L.Ed.2d, pp. 549–550.)

In the case at bar, we think the notice given by the probation officer of the pendency and nature of the charge was more than the equivalent of a written notice and, were it necessary, we would not hesitate to hold that, unlike the Gault case, it can reasonably be said in the circumstances of this case that any requirement of written notice was specifically and intelligently waived by relator and his mother.

 Counsel for relator also contends that due process was denied because it was stated in Probation Department Form 20 that relator violated the laws relative to theft and possession of a Ford automobile, while the petition charges him with delinquency in that he received and concealed the stolen automobile.

This contention is not tenable under the circumstances presented. The constitutional guarantee of due process of law employed by the Supreme Court in the Gault case is assimilated to fair play, and that is all to which relator is entitled here. The facts stated in the Probation Department form and those stated in the petition are substantially identical in substance. The only difference is that the P.D. form recites that it has been alleged that relator violated the law relative to the theft and possession of a 1966 car, whereas he is charged in the petition with delinquency in that he received and concealed this car knowing it was stolen. No complaint is here made that relator was not cognizant of all facts as they had been fully explained to him by the probation officer, and he was notified of the charge in the petition by the judge on February 14, 1969, at the time the hearing was originally set and continued. His defense was the same at all times, i. e., that some unidenti-

fied boys left the car with him and his companions, insisting " * * * but we didn't know it was stolen." We fail to discern how relator was prejudiced or that his right to "fair play" was adversely affected by reason of the charge that his delinquency was due to his receipt of the stolen car rather than its theft and possession.

For the reasons assigned, the writ of certiorari heretofore issued is recalled and the judgment of the Juvenile Court is reinstated and affirmed.

BARHAM, J., dissents and will assign written reasons.

BARHAM, Justice (dissenting).

Pretermitting for the moment the question of whether the United States Supreme Court decision in In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, is applicable here, I am of the opinion that under our law the relator was denied his constitutional right to be informed of the nature and cause of the accusation against him. Art. 1, Sec. 10, La.Const. of 1921. Under In Re Gault, supra, and Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed. 2d 84, undoubtedly the Supreme Court established this type of juvenile proceeding to be quasi-criminal. Our Constitution, however, would require adequate notice even if this proceeding were to be accorded only the protections afforded in civil hearings. See Art. 1, Sec. 6, La.Const. of 1921, guarantee of due process, and Art. 7, Sec. 44, forbidding waiver of service of citation.

On January 23, 1969, a probation officer explained to the relator and his mother that the specific violation constituting the delinquency was "theft and possession of a 1966 Ford white four door automobile", under R.S. 14:67. He also read and explained Probation Department Form 20, "Guarantees Afforded to Juveniles and Waiver of Guarantees", which relator, his mother, and the probation officer signed. On this form is the notation, evidently added by the officer: "Denied theft of automobile, but admits he was riding in auto. Mother present." On the next day, January 24, a petition, which serves the same function in the juvenile court as an indictment or information in criminal proceedings, was filed charging that the relator and two other named juveniles were delinquent children because of having violated "Louisiana Revised Statutes 14:69, relative to receiving stolen things, in that they intentionally procured, received, or concealed a 1966 Ford automobile * * *". This petition was never served upon or read or presented to the relator before the date of hearing.

The relator and his mother appeared in juvenile court for a hearing set for February 14 on the petition charging him with being a delinquent child, but the matter

was continued because of the absence of one of the other juveniles. The majority states that "At the date this matter was set for hearing, the judge advised relator of the nature of the charge contained in the petition", and the juvenile judge says in his reasons for denial of a rehearing that on February 14 the relator "was advised again of the nature of the charge contained in" the petition. According to the minutes of court for February 14, neither the majority's statement nor the judge's is correct. So far as these minutes show, all that the judge told the relator and the other juvenile present about the charge was: "You two boys are charged in this petition, along with Wilbert Robinson who is not present, * * * with having been in possession of a stolen automobile, a 1966 Ford, on January 8th, 1969."

Under these circumstances, when the relator appeared for hearing on March 20, he had been advised only that he was charged as a delinquent child because of having been in *possession* [1] of a stolen automobile. He could not have been prepared to defend against the charge in the petition—a charge of delinquency because of having *received, procured,* or *concealed* the stolen car.

Unquestionably the relator knew the facts and circumstances which led to his arrest and a charge in juvenile court; but a given set of facts may afford a basis for more than one criminal charge. Under the facts here, for example, a charge of delinquency might be based upon the crime of theft or upon the crime of receiving, procuring, and concealing stolen things. One set of facts may, for instance, lead to a charge either of aggravated battery or of attempted murder. To know the facts of a matter is not to be informed of the nature and cause of the accusation against which one must be prepared to defend. To meet the constitutional requirements the gist of the offense must be charged in direct and unmistakable terms and with clearness and all necessary certainty so that the offender may be apprised of the charge of which he stands accused. See State v. James, 241 La. 233, 128 So.2d 21.

In Re Gault, supra, set forth certain requirements for juvenile proceedings such as this one. The requirement for notice laid down by that decision, which is in conformity with our constitutional provision discussed above, is simply that adequate notice of the accusation must be given sufficiently in advance of a juvenile hearing so that the juvenile may prepare to meet the charge. I am not here concerned with what type of notice was required, for I have determined that in the present case

---

1. "Possession" of stolen property is not a crime in Louisiana. See R.S. 14:69 and reporter's comments thereunder. For definition of the crime denounced by this article, see State v. Crum, 255 La. 60, 229 So.2d 700, this day decided.

no notice of the accusation which this juvenile was required to face and defend against was given before the actual date of hearing. Neither the requirement of In Re Gault nor that of our own Constitution has been met.

I respectfully dissent.

BARHAM, J., is of the opinion a rehearing should be granted.