325 So.2d 364 (1976)
In the Interest of the minor Wayne GARCIA.
No. 7196.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1976.
*365 William D. O'Regan, LaPlace, for juvenile-appellant.
Melvin P. Barre, Edgard, Victor E. Bradley, Jr., Norco, Abbott J. Reeves, Gretna, for the State.
Before GULOTTA, BOUTALL and MORIAL, JJ.
GULOTTA, Judge.
This is an appeal from a judgment finding an 11 year old boy delinquent based on a petition that he "did unlawfully shoot a B.B. gun at the door of a residence owned by Carl Howell". The juvenile was placed on informal probation for a period of six months.
The thrust of the juvenile's appeal is that the finding of delinquency is based upon a fatally defective petition which does not allege the specific statute or ordinance violated and does not allege the juvenile to be in need of supervision, care or rehabilitation as required by LSA-R.S. 13:1574(C)(1).
It is the position of the state that LSA-R.S. 13:1574 allows an "informal adjustment" without the filing of a petition in certain cases, as in the instant one. Additionally, according to the state, although the statute or ordinance allegedly violated was not specifically set forth in the petition, sufficient facts were alleged to meet the requirements of a valid petition. The state further contends that although the petition does not specifically allege "that the child is in need of supervision, care, or rehabilitation", this statutory language is merely a formal requirement and not essential to the validity of the petition.
LSA-R.S. 13:1574(C)(1) sets forth the content requirements of a petition when delinquency is alleged. Those requirements are as follows:
"§ 1574. Information; investigation; petition

* * * * * *
C. The petition shall set forth with specificity:
1. The facts which bring the child within the provisions of this chapter, together with a statement, when delinquency is alleged, that the child is in need of supervision, care, or rehabilitation. If a violation of law is the basis for filing the petition, the petition shall cite the statute or municipal ordinance which the child is alleged to have violated;"
It is clear that when delinquency is alleged, the petition shall specifically set forth 1) the facts constituting the delinquent act; and, 2) that the child is in need of supervision, care or rehabilitation; and, 3) if the basis for the alleged delinquent act is a violation of law, the petition shall cite the statute or municipal ordinance allegedly violated.[1]
*366 LSA-R.S. 13:1569(13) defines a delinquent act as follows:
"`Delinquent act' means an act designated a crime under the statutes or ordinances of this state, or of another state if the act occurred in another state, or under federal law."
A delinquent child is defined also in LSA-R.S. 13:1569(14) as follows:
"`Delinquent child' means a child who has committed a delinquent act and is in need of care or rehabilitation."
The petition in the instant case does not allege that Wayne Garcia committed a delinquent act, nor that he is a delinquent child as defined in the statute. Further, it does not contain a statement, as required in the statute, that the child is "in need of supervision, care or rehabilitation". Although the petition alleges an unlawful act which appears to be a violation of a criminal statute (LSA-R.S. 14:94)[2], the petition does not cite the statute or municipal ordinance which the child is alleged to have violated. The petition, in the instant case, fails to meet the requirements of a petition invoking the jurisdiction of the juvenile court based on an allegation of delinquency. The petition is fatally defective and will not support a finding of delinquency. Consequently, the trial judge's finding that Wayne Garcia "is guilty as charged in the complaint and is therefore found to be delinquent" is null and without effect.
However, in the event that a child is alleged to have committed acts which do not constitute a violation of a crime under our statutes or ordinances, a petition may be filed in accordance with the provisions of LSA-R.S. 13:1569(15) relating to a "child in need of supervision". This statute, in pertinent part, reads as follows:
"`Child in need of supervision' means a child who:
* * * * * *
c. has committed an offense not classified as criminal or one applicable only to children; and
d. in any of the foregoing, is in need of care or rehabilitation."
A petition may be fatally defective because it fails to properly allege delinquency or that the child committed a delinquent act. However, it may satisfy the statutory requirements for invoking the jurisdiction of the juvenile court on the grounds that the child is "in need of supervision."
A petition which seeks to bring a child within the jurisdiction of the juvenile court based on this provision, i.e., LSA-R.S. 13:1569(15) must specifically set forth facts which cause the child to be in need of supervision (LSA-R.S. 13:1574). The petition must also allege that the child is "in need of care or rehabilitation". See LSA-R.S. 13:1569(15)(d). The petition fails to meet these requirements. The petition does not state the date and time that Wayne Garcia allegedly shot the B.B. gun or the address at which the alleged occurrence took place. Further, it does not state that the child is "in need of supervision, care or rehabilitation". We might also note that the petition fails to state the date of birth and the sex or race of the child as required by LSA-R.S. 13:1574.
Further, we might point out that the petition in the instant case does not purport to invoke the jurisdiction of the juvenile court based on the allegation that the child is in need of supervision. This matter has been treated as a complaint alleging delinquency. The trial judge *367 found that Wayne Garcia "is guilty as charged in the complaint and is therefore found to be a delinquent".
In any event, whether the petition purports to allege delinquency or purports to allege that the child is in need of supervision, it is fatally defective and is without force or effect.
Likewise, the trial court's order placing Wayne Garcia on informal probation for a period of six months can have no force or effect. LSA-R.S. 13: 1580 provides that the court may place a child on probation when the child is found to be neglected, delinquent or otherwise in need of protection of the state. Because we have concluded that the finding of delinquency was based on a fatally defective petition and therefore null, any disposition by the trial court based on such a finding is also null.
The remaining issue with which we are confronted is whether or not the trial judge made an "informal adjustment" not requiring the filing of a formal petition as contemplated by LSA-R.S. 13:1574. Pertinent provisions of the statute read as follows:
"§ 1574. Information; investigation; petition
A. Whenever any person informs the court that a child is within the purview of this chapter, the court shall cause to be made an inquiry to determine whether the interests of the public or of the child require that further action be taken. Whereupon the court may make such informal adjustment as is practicable without a petition or may authorize a petition to be filed by any person; provided, however, that whenever any person informs the court that a child is within the purview of this chapter, the district attorney may file a petition without authority of court. Whether the petition is filed with or without court authority, the proceedings shall be entitled "The state of Louisiana in the interest of . . ., a child under seventeen years of age."
State in Interest of Toler, 262 La. 557, 263 So.2d 888 (1972) involved the immediate removal of minor children from their home and temporary placement with a neighbor and friend pending further proceedings. The Louisiana Supreme Court recognized that in some cases requiring prompt action for the protection of the child (as in Toler), the court may make "an informal adjustment" without the necessity of filing a petition. The Toler court went on to point out:
"However, all the other provisions contemplate an adversary proceeding like any other lawsuit, i.e., the necessity of the filing of a formal petition before the court can hear and decide the question of whether the minor is neglected or delinquent and issue a custody order for an indefinite period in accordance with R.S. 13:1579.1. * * *"
As we interpret the statute and the language of the trial court in the Toler case, "informal adjustment" is action which might be taken as an alternative to the filing of a petition. This action may be taken because of the requirement for prompt action (as in Toler) or for other reasons which the court may deem appropriate. However, an "informal adjustment" is not a disposition made by a court based upon a finding of delinquency. In the instant case, because a petition was filed, the provisions of the statute relating to "informal adjustment" cannot properly be invoked.
Accordingly, the judgment of the trial court is reversed. The finding of delinquency of Wayne Garcia is rescinded and set aside, and the juvenile is released from further custody herein.
Reversed and rendered.
NOTES
[1] We reject the State's contention, raised in oral argument and supplemental brief, that a delinquency petition which does not cite the statute or ordinance violated is not fatally defective if it alleges specific facts upon which to base a complaint. In State v. Franks, 284 So.2d 584 (La.1973), cited by the State, the Supreme Court stated that it is not necessary to cite the statute when the offense can be charged in the short form indictment. Clearly this case is not applicable to a juvenile proceeding. Short form charges are foreign to our juvenile procedure.
[2] LSA-R.S. 14:94(A) reads as follows:

"§ 94. Illegal use of weapons or dangerous instrumentalities.
A. Illegal use of weapons or dangerous instrumentalities is the intentional or criminally negligent discharging of any firearm, or the throwing, placing, or other use of any article, liquid, or substance, where it is foreseeable that it may result in death or great bodily harm to a human being."