353 So.2d 1356 (1977)
STATE of Louisiana, Plaintiff-Appellee,
v.
In the Interest of Keith James HILLMAN, Defendant-Appellant.
No. 6237.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1977.
Rehearing Denied January 12, 1978.
*1357 Gravel, Roy & Burnes, by Richard V. Burns, Alexandria, for defendant-appellant.
Ronnie Bordelon and Eddie Knoll, Dist. Atty., Marksville, John T. Bennett, Marksville, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and JOHNSON, JJ.
DOMENGEAUX, Judge.
This is an appeal from juvenile proceedings in which Keith James Hillman was found to be a delinquent.
On the night of February 11, 1977, young Hillman, then a sixteen year old, and Rammie Gauthier, an adult, entered Pepitons Mini-Mart in Dupont, Louisiana, without authorization. Gauthier had stolen some items from the store on the preceding Thursday and apparently wanted to return them. Keith was supposed to assist in this endeavor. Some merchandise was returned; however, while the two were in the store, additional items were stolen.
The following day, Saturday, Keith was given a sum of money from Gauthier. Gauthier told Keith that this money was stolen from the store on Thursday. Keith took this money from Gauthier and purchased some equipment for his father's truck. Additional sums of the stolen money were used by Keith and Gauthier for entertainment and gasoline expenses.
Keith was apprehended and proceedings to have him declared a delinquent child were commenced.[1] The petition alleged that he was a delinquent because he committed the following acts:
"1. Unauthorized entry of Pepitons Mini-Mart located in Dupont, Louisiana after business hours by forcing open the back door through the use of a screwdriver in violation of R.S. 14:62.
2. Receiving stolen things in that he did use money taken from Pepitons Mini-Mart taken by Rammie Gauthier to purchase two (2) rims for his pickup truck valued at Ninety-Six Dollars ($96.00), a tape player also installed in the pickup truck, valued at Forty Dollars ($40.00), Twenty Dollars ($20.00) which was spent at the Sportman in Mansura, Louisiana, and Ten Dollars ($10.00) for gas for the truck making a total of One Hundred Sixty-Six Dollars ($166.00) in violation of R.S. 14:69."
At the hearing held on April 7, 1977, Keith was represented by counsel of choice. The juvenile's mother was also present.[2] The court found that Keith had committed both acts and declared him a delinquent child. He was committed to the care, custody, and control of the Department of Corrections for an indefinite period. The sentence was suspended and Keith was placed on probation until his 18th birthday, with the special condition of probation that he serve thirty days in the Avoyelles Parish jail. An appeal on behalf of the child was perfected.
Four contentions are raised on appeal:
1. The petition did not adequately allege Keith committed the act of burglary;
2. The evidence was insufficient to sustain a finding of delinquency, particularly with reference to burglary.
3. The introduction at the hearing of a statement made by the juvenile to a community service technician prior to the establishment of the corpus delicti violated evidentiary rules;
*1358 4. The trial court was without authority to require Keith to serve thirty days in the Avoyelles Parish jail, an adult penal institution.
We reject appellant's first contention concerning the sufficiency of the petition. Appellant argues that since the crime of burglary consists of both an unauthorized entry and an intent to commit felony or theft in the premises entered, the petition must allege intent in addition to unauthorized entry.
The purpose of the petition is to give the juvenile notice and an opportunity to defend. In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); In Re State in Interest of Harrell, 254 La. 963, 229 So.2d 63 (1969); In Re State in Interest of Sylvester, 267 So.2d 585 (La.App. 3rd Cir. 1972). The petition in this case clearly stated the date of the alleged burglary, the premises allegedly burglarized, and the criminal statute involved. It did not give inadequate notice or hamper the juvenile in his defense.
We also note that the petition was sufficient under La.R.S. 13:1574.[3] This statute states in pertinent part:
"C. The petition shall set forth with specificity:
1. the facts which bring the child within the provisions of this chapter, together with a statement, when delinquency is alleged, that the child is in need of supervision, care, or rehabilitation. If a violation of law is the basis for filing the petition, the petition shall cite the statute or municipal ordinance which the child is alleged to have violated . . . ."
Furthermore the objection to the petition is being made for the first time on appeal. In the criminal law sphere the Louisiana Supreme Court has stated that:
". . . . [W]here . . . an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution."
State v. James, 305 So.2d 514, 516-517 (La. 1974). See State v. Mason, 305 So.2d 523 (La.1974); State v. Santos, 309 So.2d 129 (La.1975); State v. Marmillion, 339 So.2d 788 (La.1976).
The juvenile in this case was fully apprised of all his constitutional rights and was represented by counsel at all times during the hearing. Nevertheless no objection was made to the petition until appeal to this court. Absent a showing of unfairness, lack of notice, or surprise, we feel that the juvenile in this case was not unduly prejudiced by the omission of an allegation of intent in the petition.
Appellant's next contention is that the evidence was insufficient to sustain a finding of delinquency. Specifically he argues that the intent necessary to constitute the act of burglary under La.R.S. 14:62 was not proven beyond a reasonable doubt.
We have reviewed the record in this case and find that there was sufficient evidence to sustain a determination that Keith committed burglary. As the Supreme Court observed in State v. Jones, 315 So.2d 650 (La.1975), specific intent is something which cannot be observed visually. It must be inferred from all the circumstances established at trial. Looking to the totality of circumstances established in this case we feel that the trial judge was not in error in finding that Keith committed the act of burglary.
*1359 We note that no serious issue is raised with reference to the commission of the act of receiving stolen things. There was overwhelming proof to sustain the finding that Keith committed this crime and the point was not argued in appellant's brief. A delinquent child is simply one who has committed an act designated as a crime and who is in need of care or rehabilitation. La.R.S. 13:1569(13) and (14). Keith, therefore, could have been declared a delinquent child on this basis alone without the allegation or proof of burglary.
Appellant's next contention is that it was error to allow David Owens, a community service technician, to testify with reference to an admission made by Keith during the pre-hearing investigation before establishing the corpus delicti at trial. The argument is unavailing. Assuming arguendo that the corpus delicti must be established before introduction of an extra-judicial admission or confession, the error in this case would be harmless because Keith's voluntary testimony on his own behalf at trial was consistent with that of Owens.[4]See State in Interest of Brecheen, 264 So.2d 779 (La.App. 1st Cir. 1972), writ refused 262 La. 1175, 266 So.2d 450 (1972).
Appellant's final contention on appeal is that the trial judge did not have authority to require Keith to serve thirty days in the Avoyelles Parish jail as a special condition of probation. The State argues in its brief that such authority can be found in La.R.S. 13:1577. Sub-Section C of that statute provides:
"C. Except as hereinafter provided, no child shall be confined in any police station, prison or jail, or be transported or detained in association with criminal, vicious or dissolute persons. A child fifteen years of age or older may be placed in a jail or other place of detention for adults, but in a room or ward entirely separate from adults."
We reject the State's argument. It is absolutely clear that this statute deals with detention pending a hearing. It does not govern the alternatives available after an adjudication of delinquency. Post-hearing alternatives are governed by La.R.S. 13:1580. Although several options are available to a juvenile judge, this statute does not authorize incarcerating a juvenile in an adult penal institution. We have found no authority, nor has any been brought to our attention, which would allow a juvenile to be placed in an adult penal institution after an adjudication of delinquency. The trial judge was without authority to place Keith in the Avoyelles Parish jail. We therefore find that the sentence or disposition, insofar as it requires the juvenile to serve thirty days in the parish jail, is unauthorized.
For the above reasons we affirm the judgment of the trial court which found that the juvenile was delinquent. We remand the case to the trial court for a new disposition or sentencing of the juvenile in accordance with law, and not inconsistent with the views expressed in this opinion.
AFFIRMED AND REMANDED.
NOTES
[1] We understand from the record that Gauthier was apprehended and convicted in criminal court.
[2] The father could not attend and his presence at the proceedings was waived.
[3] Compare, In the Interest of Garcia, 325 So.2d 364 (La.App. 4th Cir. 1976) in which the Fourth Circuit found a petition to be fatally deficient under the statute. That case apparently involved a petition which did not set forth the date of birth, sex, race, and criminal statute allegedly violated, and did not allege that the child was in need of supervision, care, or rehabilitation. In the instant case, the date of birth, sex, race, and the criminal statute allegedly violated, as well as a prayer for the court to take such action necessary for the welfare of the child was contained in the petition.
[4] Appellant relies upon the case of State v. Brown, 236 La. 562, 108 So.2d 233 (1959), for the proposition that the corpus delicti must be established before the introduction of an extra-judicial admission or confession. We are persuaded by the State's contention that the language relied upon is dictum and not controlling. Moreover, the Court in that case simply stated that this would be the better rule of law. We also note that a later case, State v. Odom, stands for the general proposition that "it is not essential for the State to prove the corpus delicti as a condition precedent to the introduction of other evidence to connect the accused with the crime charged, the time and order of receiving testimony being controlled to a large extent by the discretion of the trial judge." 247 La. 62, 169 So.2d 909, 914 (1964). Furthermore, we note that in the instant case, no objection was made to Owens' testimony during the hearing, even though the juvenile was represented by counsel of his own choice. The corpus delicti was eventually established and it seems to us that any objection should have been made at trial so that any possible error in the order of presentation could have been avoided.